**In re the Marriage of Richard P. WAGGONER, Appellant (Respondent Below),**

v.

**Janet A. WAGGONER, Appellee (Petitioner Below).**

**No. 57A03–8803–CV–75.**

Court of Appeals of Indiana, Third District.

Dec. 19, 1988.

enhanced over their current level. On date of separation the husband had 25.4 years of credited service. The court finds that given the uncertainty of the husband achieving the 30 years credited service milestone; and the present diversity of the evidence as to the value of the pension (largely due to the uncertainty of the husband achieving the 30 year pension plateau) that the court should take the pension issue under advisement until such time as the uncertainties have been removed by events and the passage of time (on or about June 30, 1991)."

■ In Indiana divorce proceedings, the trial court must divide the marital property in a just and reasonable manner. In making the division, the trial court must dispose of all the marital property in one final settlement. No part of the distribution may be conditioned upon a subsequent change in circumstances. Since all marital property must be disposed of, the trial court must have before it a fixed, presently ascertainable value for the assets. *Murphy v. Murphy* (1987), Ind.App., 510 N.E. 2d 235, 236–237.

■ Property acquired after the final separation date should not be included in the pot of divisible marital assets. A trial court hearing a dissolution proceeding can divide property acquired by either spouse after the marriage and prior to the final separation of the parties. IND. CODE § 31–1–11.5–11(b) (1987 Supp.). A trial court can include pension benefits as divisible marital assets if those benefits would not be forfeited upon termination of employment, or that are vested, but that are payable after the dissolution of the marriage.

IND. CODE § 31–1–11.5–2(d)(2) (1987 Supp.); *In re Marriage of Adams* (1988), Ind.App., 519 N.E.2d 1240, 1242.

Only pension benefits vested at the time of the final separation date should be included in the pot of divisible marital assets. Pension benefits accumulated after the final separation date should be excluded from the pot of divisible marital assets.

Christopher C. Myers, Myers & Wagoner, Fort Wayne, for appellant.

David Peebles, Brian J. T'Kindt, Fort Wayne, for appellee.

HOFFMAN, J.

Appellant Richard P. Waggoner appeals the trial court's order in the dissolution of his marriage to Janet A. Waggoner. Richard P. Waggoner argues that the trial court erred in paragraph 8 of its judgment and findings. Paragraph 8 reads, in part:

"8. That during the course of the marriage the husband (age 46) worked for International Harvester (now Navistar) and acquired pension benefits. That the value of the pension is subject to some dispute due to the fact that when the husband achieves 30 years of credited pension service (approximately June 30, 1991) the pension benefits will be greatly

The trial court erred by taking the pension issue under advisement until 1991 and by including unvested pension benefits in the pot of divisible marital property. The trial court should determine the disposition of the deferred vested pension benefits acquired prior to the final separation date.

Appellant requests an award of attorney's fees, but there is no basis for such an award.

REVERSED AND REMANDED.

GARRARD and CONOVER, P.JJ., concur.