**In re the Marriage of Raymond R. ROSS, Appellant–Petitioner,**

v.

**Esther L. ROSS, Appellee–Respondent.**

No. 09A02–9209–CV–447.

Court of Appeals of Indiana, Second District.

Aug. 22, 1994.

Jim Brugh, Logansport, for appellant.

Jay T. Hirschauer, Hirschauer & Hirschauer, Logansport, for appellee.

SULLIVAN, Judge.

Raymond R. Ross ("Raymond") appeals the trial court's division of marital property in the dissolution of his marriage to Esther L. Ross ("Esther"). Raymond presents two issues for our review which we restate as:

    I. Whether the trial judge erred in determining that the parties' residence was not part of the marital estate;

II. whether the trial court erred in it's distribution of the marital estate?

We hold that the trial court erred in excluding the parties' residence from the marital assets. However, for reasons hereafter set forth, we affirm the judgment.

### I. Marital Estate

■ The parties were married almost twenty-two years and had lived in a residence owned as tenants by the entireties for eleven years preceding their separation. The record reveals that Raymond quitclaimed the property to Esther on September 10, 1990. The court found that due to the transfer, the residence was "no longer a marital asset to be divided between the parties." Record at 25.

Much of the record is consumed with evidence purporting to explain the reason for this transfer. Raymond claims that the deed was executed to prevent the federal government from seizing the residence in connection with his conviction for operating an illegal gambling business. Esther claims Raymond transferred the residence to her in consideration for her agreement to allow him to borrow against a jointly-owned CD.

■ The reason for the transfer is immaterial. At the time of the parties' separation, the residence was solely owned by Esther. This fact does not eliminate the asset from consideration as a part of the "marital pot".[1] Indiana law provides that when dividing property in a dissolution proceeding, the court shall include property owned by either spouse prior to the marriage, acquired by either spouse in his or her own right, or acquired by their joint efforts. I.C. 31–1–11.5–11 (Burns Code Ed.Supp.1992). "The 'one pot' theory of [I.C. 31–1–11.5–11] specifically prohibits the exclusion of any asset from the scope of the trial court's power to divide and award." In re Marriage of Dreflak (1979) 2d Dist., 181 Ind.App. 651, 393 N.E.2d 773, 776. See also Lulay v. Lulay (1992) 1st Dist.Ind.App., 591 N.E.2d 154, 155; Huber v. Huber (1992) 3d Dist.Ind.App., 586 N.E.2d 887, 889, trans. denied. Only property acquired after the final separation date is excluded from the pot of divisible marital assets. Waggoner v. Waggoner (1988) 3d Dist.Ind.App., 531 N.E.2d 1188, 1189. While the trial court may ultimately decide to award an asset solely to one spouse, it must first include the asset in its consideration of the marital estate to be divided. Lulay 591 N.E.2d at 156.

The trial court erred in failing to include the residence as a marital asset.

■ Although Raymond does not specifically challenge the trial court's determination that Raymond had waived any right to Esther's IRA and the balance of an inheritance received by her, we deem it appropriate to consider the treatment of those assets. The record reveals that Esther inherited an interest in a farm during the marriage which she sold for approximately $30,000.00. Esther had $15,000.00 left of the inheritance at the time of the final separation.[2] Esther's IRA had accumulated a value of $8,150.90 during

---

1. Esther's reliance upon Womack v. Womack (1993) Ind., 622 N.E.2d 481 is misplaced. In Womack, real estate was purchased during the marriage and titled solely in wife's name. The dissolution court determined that the property was the subject of a gift from husband to wife. The court further determined that the property was not part of the marital estate. The sole issue upon appeal was whether wife had obtained the property by undue influence over husband, not whether the trial court erred by excluding property from the marital estate. We read Womack to hold only that the dissolution court's award of the real estate to wife was appropriate in light of the absence of evidence of undue influence and in light of the parties' pre-nuptial agreement that each would retain exclusive control of property acquired during the marriage.

The Supreme Court did not hold that the real estate was not a marital asset. Affirmance of the award to wife was wholly consistent with the property's character as a marital asset but awardable solely to wife as part of the dissolution and distribution of property.

2. In it's Findings of Fact, the trial judge found that Esther had inherited $15,000.00 with $7,000.00 remaining. The only evidence regarding the inheritance is Esther's testimony that she had $15,000.00 remaining from a $30,000.00 inheritance. In their briefs, both parties value Esther's remaining inheritance at $15,000.00. Because there is no evidence to support the trial court's finding, we use the $15,000.00 figure for purposes of this appeal.

the course of the marriage. The trial judge excluded the IRA and the inheritance from the marital pot by finding that Raymond had specifically waived any right to those assets. The record does not support a finding of waiver. Upon direct examination, Raymond testified:

"Q: And, you are not, as far as, the division of property claiming a part of that money [inheritance]?

A: No.

Q: You're just asking that the Court take it into account in making division of the other property?

A: Correct.

\* \* \* \* \* \*

Q: What are you asking the Court to do in regard to the property, Mr. Ross?

A: Well, I think we both had input into it. I can't see why I'm not entitled to my fair share of the what we've accumulated while we were married." Record at 147–149.

And upon cross examination, Raymond testified:

"Q: Once again, you've told Esther before and you're telling us here today, you're not making any claim on her mother's estate?

A: That's correct.

Q: And, are you making any claim on Esther's IRA?

A: No, none whatsoever." Record at 203–204.

But upon redirect, Raymond testified:

"Q: You do, however, although you're making no claim on the IRA and inheritance, you want them considered when the Court determines?

A: Well, of course." Record at 205.

This testimony shows that Raymond was not claiming any ownership rights to the IRA or the inheritance, but it also makes clear that Raymond intended the court to include these assets in the marital pot. Although we do not reach the issue, we express doubt that a party may "waive" an asset out of the marital pot. Both the inheritance and the IRA were acquired before the final separation date and should have been included in the divisible assets. Ordinarily, we would remand this case and order a new distribution determination with the residence, the inheritance, and the IRA included in the marital pot. However, for the reasons discussed below, we hold that Raymond is estopped from claiming the omission as error.

## II. Property Disposition

■ Raymond argues that the trial court erred in the property distribution because the value of the assets awarded to Esther is greater than the value of the assets awarded to Raymond. We hold that Raymond is estopped from objecting to the fairness of the distribution.

Indiana law provides that the trial judge must divide property in a "just and reasonable manner." I.C. 31–1–11.5–11. An equal division of the marital property is statutorily presumed to be just and reasonable. *Id.* The court awarded Esther at least $80,384.70 worth of assets.[3] The court awarded Ray-

---

3. Assets Awarded to Esther:

| | | |
|---|---|---|
| IRA | $ 8,150.90 | |
| Vehicle | $ 2,900.00 | |
| Personal Property | $ 5,000.00* | |
| Residence | $52,786.00 | |
| Inheritance | $15,000.00 | |
| ½ of CD | $10,544.14 | ½ × $21,088.28** |
| ½ of Joint Debt | −$ 3,996.34 | ½ × 7,992.68 |
| Payment to Raymond | −$10,000.00 | |
| | $80,384.70 | TOTAL*** |

mond at least $49,971.14 worth of assets plus the undetermined value of his gambling business.[4]

Without taking into account the value of Raymond's gambling business, there is a $30,413.56 disparity between the award to Esther and the award to Raymond. However, Raymond is estopped from raising this disparity as error because he did not submit proof at trial that his business was worth less than $30,413.56. "[A]ny party who fails to introduce evidence as to the specific value of the marital property at the dissolution hearing is estopped from appealing the distribution on the ground of trial court abuse of discretion based on that absence of evidence." *In re Marriage of Church* (1981) 2d Dist.Ind.App., 424 N.E.2d 1078, 1081. *See also Dean v. Dean* (1982) 1st. Dist.Ind.App., 439 N.E.2d 1378, 1383; *In re Marriage of Larkin* (1984) 3d Dist.Ind.App., 462 N.E.2d 1338, 1344. Raymond testified that money was due and owing him as part of his business as a professional gambler. Raymond stated that he was unable to place a value on his accounts payable and then claimed his Fifth Amendment right against self-incrimination regarding the rest of his business assets. Raymond failed to produce evidence of the value of his business and cannot now claim that the court effectively overvalued the business in its distribution of 61% of the remaining assets to Esther.

■ Raymond finds error because the court did not take into account his medical bills of $17,000.00 and his criminal fine of $10,000.00. Raymond testified that most of his hospital bills would be paid by welfare. The criminal fine was incurred after the final separation date. The court was justified in not including these debts in its determination of the net property division.

■ Raymond also contends that the court erred in awarding an unvalued vehicle to Esther. I.C. 31–1–11.5–11(b)(1) states that a just and reasonable property division may be achieved by "[d]ivision of the property in kind." The court awarded Raymond a vehicle worth $2,500.00 and Esther a vehicle worth at least $2,900.00. A just division does not require a strict value-to-value ratio. When the court awarded each party a vehicle, it divided the property "in kind" as sanctioned by the statute.

Even if the court did err, the error would only increase the disparity between the value of the assets awarded to each party. Since Raymond failed to introduce evidence that the value of his business was less than *any* disparity between the awards, he is estopped from claiming error.

---

*The only evidence in the record supporting this figure is testimony from Raymond that a six-year-old garden tractor was worth $5,500.00 when new. The court did not specifically award the garden tractor to Esther and it is unclear whether the valuation of the garden tractor is the basis for the personal property figure. However, both parties value the personal property Esther received in the dissolution at $5,000.00 in their briefs. Therefore we adopt that amount.

**Although the court found that the parties testified that the CD was worth $20,442.89, the only testimony in the record shows that the CD was worth $24,442.89 or $21,088.28. We will use the $21,088.28 figure because that is the amount on the statement from the Ross's bank.

***This figure does not include the coin collection because there is no evidence on record of its value. However, since each party received ½ of the collection, failing to take it into account will not affect the amount of the disparity between the assets awarded to Esther and Raymond.

4. Assets Awarded to Raymond:

| | | |
|---|---|---|
| Payment from Esther | $10,000.00 | |
| Vehicle | $ 2,500.00 | |
| IRA | $20,000.00 | |
| Money spent during marriage | $10,923.00 | |
| ½ CD | $10,544.14 | ½ × $21,088.28 |
| Gambling Business | ? | |
| ½ of Joint Debt | −$ 3,996.00 | 1.2 × $7992.68 |
| | $49,971.14 | plus value of gambling business |

In essence, Raymond has placed the trial court in a Catch–22 situation. Remanding the case would serve no useful purpose because Raymond would undoubtedly again claim his Fifth Amendment right against self-incrimination. The court would be in the same position as at the original determination stage in that it would be required to make a just and reasonable division without being able to determine the value of the estate. Raymond cannot be heard to argue that the disposition was unequal when Raymond has effectively prevented the trial court and this court from being able to determine whether the disposition was in fact equal or not. The only one who knows is Raymond, and he is not talking.

Apparently, Raymond believes the court should only have divided the valued assets. This would have given Raymond one-half of all of the parties' assets plus his gambling business. This result could conceivably allow a party to shield millions of dollars worth of illegally acquired assets while still sharing half of the legal assets to the detriment of the other spouse. While this would certainly be more favorable to Raymond, we fail to perceive that it would be more just or reasonable than the distribution the court did make. Since Raymond is the party shielding assets from the court, it is equitable that any uncertainty regarding value should be resolved in favor of Esther. Refusing to allow Raymond to claim error reaches this result.

Although failure to include marital assets in the marital pot is usually grounds for remand, we hold that given the unique facts of this case, no remand is warranted.

The trial court's property disposition is affirmed.

FRIEDLANDER and KIRSCH, JJ., concur.