In re the Marriage of Doneta
K. COFFEY, Appellant–
Petitioner,

v.

William D. COFFEY, Appellee–
Respondent.

No. 27A04–9410–CV–408.

Court of Appeals of Indiana,
Fourth District.

May 9, 1995.

∞357

Arden W. Zobrosky, Ann E. Zobrosky, Zobrosky & Zobrosky, Marion, for appellant.

John B. Milford, Marion, for appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Petitioner–Appellant Doneta K. Coffey (Doneta) appeals the trial court's determination regarding the division of marital property between herself and Respondent–Appellee William D. Coffey (William) in their dissolution proceeding.

We affirm in part, reverse in part and remand.

### ISSUES

Doneta raises several issues for our review which we consolidate and restate as: Whether the trial court properly divided the marital property of the parties, particularly William's pension benefits.

William raises one additional issue which we restate as: Whether the trial court erred in refusing to admit a letter from William's physician attesting to William's medical condition.

### FACTS AND PROCEDURAL HISTORY

The parties were married in 1965, and separated in 1994. After approximately 28 years of marriage, Doneta filed a petition for dissolution. At the time of dissolution, the two children born of the marriage were emancipated; therefore this appeal involves property division issues only. Following a contested hearing, the trial court entered the final decree of dissolution, essentially equally dividing the parties' net equity in their real estate, personal property and chattel, less indebtedness. At the time of the final decree, Doneta was employed and earned approximately $1,520.00 gross income per month. William was retired from General Motors Corporation and received pension benefits of $1,811.54 gross per month. Whether William's pension benefits constituted marital property subject to division was essentially the only contested issue.

With regard to William's pension benefits, the trial court found as follows:

... [William's] retirement income is a fringe-benefit payment to [William] and that [William] made no financial contributions during the marriage of the parties towards such retirement income. The Court further finds that [William's] rights to such retirement are vested and being paid to him, but such benefits cease upon the death of [William]. The Court finds that neither party presented evidence as to the present value of such pension nor any evidence of any survival benefits. [Doneta] request[s] of the Court that the Court issue a Qualified Domestic Relation Order for a division of such retirement "in kind" for future benefits for the benefit of [Doneta]. The Court denies such request, except for any survival benefits that may exist, finding to grant [Doneta] one-half of the retirement benefits "in kind' would make [Doneta] a princess and [William] a pauper. The Court finds that "in kind" relates to existing assets and property and

not future income that may or may not exist.

(R. 15–16). Doneta appeals that portion of the final decree awarding her no part of William's pension benefits.

## DISCUSSION AND DECISION

### Pension Benefits

We are asked to determine whether William's pension benefits are marital property subject to division under IND.CODE 31–1–11.5–2(d) (1988). Doneta contends that the trial court erroneously failed to include William's pension in the marital estate. It is unclear from the trial court's order whether it considered William's pension benefit as part of the marital estate, and decided to award William the entire interest, or whether the court concluded that the pension benefits should not be included in the marital estate.

■ The party challenging the trial court's property division must overcome a strong presumption that the court complied with the statute and considered the evidence on each of the statutory factors. *Fiste v. Fiste* (1994), Ind.App., 627 N.E.2d 1368, 1373. We will find that the trial court abused its discretion only where the result reached is clearly against the logic and effect of the facts and circumstances before the court, including the reasonable inferences to be drawn therefrom. *Id.* An abuse of discretion also occurs when the trial court has misinterpreted the law or disregards evidence of factors listed in the controlling statute. *Hodowal v. Hodowal* (1994), Ind.App., 627 N.E.2d 869, 871, *trans. denied.* As a reviewing court, we will not reweigh evidence, but will consider the evidence in a light most favorable to the judgment. *Nill v. Nill* (1992), Ind.App., 584 N.E.2d 602, 603, *reh'g denied, trans. denied.* It is under this strict standard that we review Doneta's contention that the trial court's determination was contrary to law.

■ Indiana law provides that when dividing property in a dissolution proceeding, the court shall include property "owned by either spouse prior to the marriage, acquired by either spouse in his or her own right after the marriage and prior to final separation of the parties, or acquired by their joint efforts." I.C. 31–1–11.5–11(b) (1994). This "one pot" theory specifically prohibits the exclusion of any asset from the scope of the trial court's power to divide and award. *Ross v. Ross* (1994), Ind.App., 638 N.E.2d 1301, 1303. Only property acquired after the final separation date of the parties is excluded from the marital assets. *Id.*

■ The trial court appears to have found that even though William's pension benefits were vested at the time of the dissolution, the benefits would cease at William's death and therefore constituted future income and should not be treated as an asset at the time of the dissolution. Pursuant to the pre–1985 version of I.C. 31–1–11.5–2(d) the trial court is correct. Under this version of the statute, retirement pensions contingent upon the retiree's survival were not considered sufficiently vested to constitute marital property. *See Savage v. Savage* (1978), 176 Ind.App. 89, 374 N.E.2d 536; *Sadler v. Sadler* (1981), Ind.App., 428 N.E.2d 1305; *Hiscox v. Hiscox* (1979), 179 Ind.App. 378, 385 N.E.2d 1166. However, the legislature amended the definition of marital property in 1985 to include such pensions as marital property. *See Sable v. Sable* (1987), Ind.App., 506 N.E.2d 495.

The amended version of the statute, which has remained unchanged to date, defines property as follows:

(d) The term "property" means all the assets of either party or both parties, including:

(1) a present right to withdraw pension or retirement benefits;

(2) the right to receive pension or retirement benefits that are not forfeited upon termination of employment, or that are vested, as that term is defined in Section 411 of the Internal Revenue Code, but that are payable after the dissolution of marriage; and

(3) the right to receive disposable retired or retainer pay, as defined in 10 U.S.C. 1408(a), acquired during the marriage, that is or may be payable after the dissolution of marriage.

I.C. 31–1–11.5–2(d). Therefore, Indiana's statutory definition of property contemplates

that "all" assets "including" the various pension interests are to be considered marital property subject to division. I.C. 31–1–11.5–2(d). After the 1985 amendment to I.C. 31–1–11.5–2(d), our courts have consistently treated similar pension benefits as marital property. *In re Marriage of Adams* (1989), Ind., 535 N.E.2d 124, *reh'g denied* (Indiana Supreme Court held that a policeman's pension which he had no right to collect until three months after filing the dissolution petition was nevertheless "property" under I.C. 31–1–11.5–2(d) and thus subject to distribution); *Schueneman v. Schueneman* (1992), Ind.App., 591 N.E.2d 603, 608 (vested retirement pensions which are not forfeited upon termination and are contingent upon the retiree's survival are part of the marital estate).

The evidence in the light most favorable to the judgment reveals that William's "General Motors Hourly Rate Employees Pension Plan" was a benefit of his 30 years of employment with GM. William did not make any "out-of-pocket" monetary contributions toward this pension fund; rather, the pension fund was part of his UAW contract of employment with GM. The record further reveals that William's pension benefit was not forfeited upon the termination of his employment with GM, but rather, he began to receive distributions from the fund upon his retirement in May of 1992, and will continue to receive the benefit each month until his death. Based upon this evidence adduced at the hearing, we conclude that William's pension is not a future income interest, but rather a marital asset existing at the time of the dissolution. As such, the pension is subject to inclusion in the "marital pot" and division between the parties. To the extent that the trial court failed to consider William's pension as a marital asset, it was in error.

 Having said that William's pension benefit is part of the "marital pot," the next question is the propriety of the trial court's distribution of that asset. Clearly, the court was not required to split the pension 50–50 between William and Doneta. While the trial court may ultimately decide to award an asset solely to one spouse, it must first include the asset in its consideration of the marital estate to be divided. *Ross,* 638 N.E.2d at 1303. A trial court is required to divide all marital property in a "just and reasonable manner." I.C. 31–1–11.5–11. The statute creates a rebuttable presumption that an equal division of the marital property is just and reasonable. I.C. 31–1–11.5–11(c). The presumption may be rebutted by a party who presents relevant evidence that an equal division would not be just and reasonable. *Schueneman,* 591 N.E.2d at 605. When effecting an unequal division of marital property, the trial court must state its reasons, based on the evidence, which establish that an unequal division is just and reasonable. *McGinley–Ellis v. Ellis* (1993), Ind.App., 622 N.E.2d 213, 217. We thus remand this issue to the trial court for further consideration. Because neither party presented evidence as to the present value of the pension, any division by the trial court based on the present value of the plan would be speculative. However, the court may order a percentage of William's monthly pension benefit to be paid to Doneta. This method of distribution complies with I.C. 31–1–11.5–11(b)(4) (1994).[1]

 With regard to the valuation of the parties' assets, we decline to disturb the trial court's decision. A trial court has broad discretion in ascertaining the value of the property in a dissolution action, and its valuation will not be disturbed absent an abuse of that discretion. *Nill,* 584 N.E.2d at 603. We affirm the trial court as to the manner in which it divided the marital property, other than the pension, and in the value it assigned to the parties' assets.

---

1. I.C. 31–1–11.5–11(b) provides that in a dissolution of marriage proceeding, the trial court is to divide all the property of the parties in a just and reasonable manner, by:
 * * * * * *
 (4) ordering the distribution of any benefits described in section 2(d)(2) or 2(d)(3) of this chapter that are payable after the dissolution of marriage, by setting aside to either of the parties a percentage of those payments either by assignment or in kind at the time of receipt. I.C. 31–1–11.5–11(b)(4).

### Admissibility of Exhibit

 William contends that his exhibit C was admissible pursuant to Ind.Evidence Rule 803(4) (1994), and that the trial court erred in excluding it from evidence. William's exhibit C consisted of a letter from William's physician concerning William's medical condition and diagnosis. Evid.R. 803(4) creates an exception to the general prohibition against hearsay evidence and provides as follows:

> Statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or in the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment.

William's physician was unavailable as a witness; however, William offered an explanatory letter from his physician which addressed William's physical diagnosis and treatment agenda. Dr. Mengelt further opined in the letter that William was unable to work due to his physical condition.

William's exhibit C should have been admitted pursuant to Evid.R. 803(4). We remand to the trial court for a consideration of Exhibit C. On remand, the court should be mindful of the fact that I.C. 31–1–11.5–11(c)(5) provides that the earning ability of the parties is a relevant factor when determining the final division of marital property.

### CONCLUSION

Based on the foregoing, we affirm the trial court's decision as to the value it assigned to the parties' assets, and its distribution of the marital property that it considered. However, we reverse and remand on the two issues regarding the distribution of William's pension benefits: (1) the trial court erred in failing to consider William's pension as marital property; and (2) the trial court erred in failing to enter reasons why awarding William the entire interest in his pension benefit was just and reasonable.

We instruct the trial court on remand to consider William's pension as a marital asset and distribute it accordingly. We further remand for the trial court's consideration of William's exhibit C.

Affirmed in part, reversed in part and remanded with instructions.

DARDEN and RUCKER, JJ., concur.