746 N.E.2d 120 (2001)
In re the Marriage of James MACHER, Appellant-Respondent,
v.
Karen MACHER, Appellee-Petitioner.
No. 46A04-0009-CV-382.
Court of Appeals of Indiana.
April 17, 2001.
*122 William J. Nelson, Jr., Molly E. Palmer, Braje & Nelson, LLP, Michigan City, IN, Attorneys for Appellant.
W. Jonathan Forker, LaPorte, IN, Attorney for Appellee.

*121 OPINION
RILEY, Judge.

STATEMENT OF THE CASE
Appellant-Respondent, James Macher (Husband), appeals the trial court's Findings and Dissolution Decree entered in this matter.
We affirm.

ISSUES
Husband raises three issues on appeal, which we restate as follows:
1. Whether the trial court erred in granting Appellee Petitioner, Karen Macher (Wife), sole custody of the parties' minor children.
2. Whether the trial court failed to properly account and divide the parties' marital assets.
3. Whether the trial court erred in calculating Husband's child support obligation.

FACTS AND PROCEDURAL HISTORY
The parties were married on September 28, 1991, and separated on February 20, 1999. On April 20, 1999, Wife filed a Petition for Dissolution of Marriage. A contested final hearing on the Petition was held on May 11, 2000, and on July 26, 2000, the trial court issued its Findings and Dissolution Decree.
In its Decree, the trial court awarded Wife sole custody of the parties' minor children, H.M. and K.M., and granted Husband visitation pursuant to the Court's Minimum Visitation Guidelines. The trial court also found that a deviation from the presumptive fiftyfifty property division was justified and awarded Wife sixty percent (60%) of the marital property and Husband forty percent (40%) of the marital property. Additionally, the trial court determined Husband's income to be $13.50 *123 per hour and based its child support order on this hourly wage.
This appeal followed.

DISCUSSION AND DECISION

I. Custody and Visitation

Husband argues that the trial court abused its discretion in awarding Wife sole custody of the parties' minor children. Essentially, Husband argues that the court impermissibly based its decisions regarding custody and visitation on the court's desire to punish him for his conduct during the divorce proceedings.
On appeal, we review a trial court's custody order under an abuse of discretion standard of review. Wiggins v. Davis, 737 N.E.2d 437, 440 (Ind.Ct.App. 2000). We will consider only the evidence favorable to the trial court's judgment and we will not reweigh the evidence nor review the credibility of the witnesses. Id. "We are reluctant to reverse a trial court's determination concerning child custody unless the determination is clearly erroneous and contrary to the logic and effect of the evidence." Id.
During the final hearing, Husband requested that the court allow the parties to share custody and have the children alternate between their parents' residences every two weeks. The trial court found that this proposal was not in the best interests of the children. In reaching this conclusion, the trial court noted that the "Husband has exhibited considerable antagonism towards the Wife in the presence of the children." (R. 125).
While we agree with Husband that the concept of fault is not relevant to dissolution proceedings except as related to the disposition or dissipation of marital assets, Hunt v. Hunt, 645 N.E.2d 634, 637 (Ind.Ct.App.1994), we disagree that the trial court considered "fault" in making the custody and visitation determinations herein. Instead, the trial court noted that although each parent offers distinct advantages and disadvantages in parenting their children, Husband has exhibited considerable antagonism towards Wife in the children's presence. Husband would have us equate "considerable antagonism" with "fault." However, these are clearly different concepts. It is apparent from our review of the Record and the trial court's Findings, that the trial court was concerned with the Husband's hostile behavior in front of the children and the Husband's ability to manage his anger. Husband's behavior is certainly an appropriate factor for the trial court to consider in deciding what is in the best interests of the children. As our standard of review dictates, we consider only the evidence favorable to the trial court's judgment and we will not reweigh the evidence on appeal. Wiggins, 737 N.E.2d at 440. Consequently, we cannot conclude that the trial court's award of sole custody to the Wife was an abuse of discretion.
Husband further asserts that the trial court improperly limited his visitation rights. As an alternative to shared custody, Husband requested visitation in excess of the court's guidelines, while Wife requested that Husband be granted less visitation than provided in the court's guidelines. Instead, the trial court granted Husband visitation in accordance with the Court's guidelines. The trial court concluded that visitation in excess of what is provided in the guidelines was inappropriate because of the Husband's hostility. (R. 126). Husband contends that his hostility towards his Wife is not a proper basis for curtailing his visitation. However, Husband's visitation was not reduced below the guidelines as he claims. Husband's actual concern is that he was not granted visitation in excess of the visitation *124 guidelines. Granting visitation in excess of the guidelines is within the trial court's discretion and again husband's behavior in front of the children is a relevant consideration by the trial court in making this determination. Thus, we conclude that the trial court did not abuse its discretion in awarding Husband guideline visitation.

II. Property Division

Husband raises three issues with regard to the trial court's division of the marital property. First, Husband contends that the trial court erred in determining that monies provided by Husband's parents for the purchase of the marital residence was a gift rather than a loan. Second, Husband asserts that the trial court improperly determined that the Wife's 1999 federal income tax refund was not marital property. Finally, Husband argues that the trial court abused its discretion in unevenly dividing the parties' marital assets.
In reviewing a trial court's division of marital assets, we apply an abuse of discretion standard of review. Bertholet v. Bertholet, 725 N.E.2d 487, 494 (Ind.Ct. App.2000). "As a reviewing court, we may not reweigh the evidence or assess the credibility of witnesses, and we consider only the evidence most favorable to the trial court's disposition of marital property." Id. Furthermore, there is a strong presumption that the trial court has complied with the statutory guidelines. Id.

A. Monies Received from Husband's Parents

Husband argues that the trial court erred in determining that funds advanced by his parents for the purchase of the marital residence was a gift and not a loan. Husband's parents advanced between $6,000 and $7,500 for the down payment when the parties purchased their home. Husband and his father were the only parties present when the funds were actually transferred. Husband contends this was a loan while Wife maintains it was a gift. Husband's mother testified that the money was a loan that was to be paid back when the parties could afford to do so. However, there was no promissory note, mortgage or other documentation to demonstrate that it was a loan. Further, during the seven to eight years between the time the funds were advanced and the final hearing, no payments were made by the parties to Husband's parents and no payments were requested. Also, there was no agreement as to interest or any other repayment terms. Because the evidence is conflicting here, it was within the trial court's discretion to determine that the money advanced by Husband's parents was a gift. Thus, we find no error.

B. Wife's 1999 Income Tax Refund

Husband additionally contends that the trial court erred in finding that Wife's 1999 income tax refund was not martial property. The parties separated on February 20, 1999, and consequently, lived most of the year apart. In 2000, Karen filed her 1999 federal income tax return and claimed both children. At that time, Husband was behind in his provisional child support payments. Wife expects to receive an income tax refund in excess of $4,000; however, she had not yet received the refund at the time of the final hearing.
With regard to this issue, the trial court found that:
For tax year 1999, the Wife filed a tax return in which she claimed both the parties' children as exemptions. As a result, she received a $4,000.00 tax refund. For tax year 1999, the Husband claimed all interest paid on the mortgages on the marital residence. The Husband *125 contends that the parties should refile their taxes as a couple and divide any refund equally or that, in the alternative, the refund be declared marital property subject to an equal division. The Court determines that the tax refund is not martial property subject to division and, in light of the Husband's conduct during the pendency of these proceedings, declines to order the filing of an amended joint return.
(R. 128).
Husband reminds us that only property acquired after the final separation date is to be excluded from the marital pot of divisible assets. See Ross v. Ross, 638 N.E.2d 1301, 1303 (Ind.Ct.App. 1994). Husband specifically argues that because the parties lived together until February 20, 1999, at least fifteen percent (15%) of the Wife's 1999 federal income tax return should have been considered a marital asset. Further, Husband asserts that the trial court decision not to order the parties to refile their 1999 tax return was impermissibly based on an assignment of fault.
In response, Wife asserts that the trial court properly concluded that the income tax return was not marital property because it was not acquired until after the parties separated (and actually had not been acquired at the time of the final hearing). Furthermore, Wife contends that Husband's assertion that at least 15% of the refund should be considered marital property is purely speculative because no evidence was presented as to what income, if any, Wife earned in the first part of 1999. We agree.
The trial court's conclusion that Wife's 1999 federal income tax return was not marital property is supported by the evidence. Wife did not receive the tax refund prior to the parties' final separation, and in fact had not received the refund at the time of the final hearing. Moreover, no evidence was submitted to demonstrate what portion of the refund, if any, Husband might have been entitled to since the parties separated on February 20, 1999. Based on the evidence presented, we conclude that the trial court did not err in finding that Wife's 1999 income tax refund was not marital property subject to division by the court. Additionally, we disagree that the trial court's decision not to order the parties' to refile their 1999 return as a married couple was based on an impermissible determination of fault. The Record is clear that Husband was antagonistic and hostile towards Wife, and based on this evidence, it was proper for the trial court to infer that Husband would not appropriately cooperate in the refiling of the 1999 income tax return. Furthermore, since the trial court had determined that the return was not marital property, it was unnecessary for the trial court to order the parties to refile their taxes.

C. Division of Marital Property

Finally, with regard to the issues concerning marital property, Husband argues that the trial court's division of the marital estate was an abuse of discretion. The trial court deviated from the statutory presumptive of an equal division of the marital property and awarded Wife sixty percent (60%) of the marital property and Husband forty percent (40%) of the marital property. Again Husband argues that the trial court's determination regarding property division was improperly based on the trial court's assessment of his fault.
The trial court shall presume that an equal division of the marital estate is just and reasonable when dividing the marital property. Bertholet, 725 N.E.2d at 495; Ind.Code § 31-15-7-5.
However, this presumption may be rebutted by a party who presents relevant *126 evidence, including evidence concerning the following factors, that an equal division would not be just and reasonable:
(1) The contribution of each spouse to the acquisition of the property, regardless of whether the contribution was income producing.
(2) The extent to which the property was acquired by each spouse:
(A) before the marriage; or
(B) through inheritance or gift.
(3) The economic circumstances of each spouse at the time the disposition of the property is to become effective, including the desirability of awarding the family residence or the right to dwell in the family residence for such periods as the court considers just to the spouse having custody of any children.
(4) The conduct of the parties during the marriage as related to the disposition or dissipation of their property.
(5) The earnings or earning ability of the parties as related to:
(A) a final division of property; and
(B) a final determination of the property rights of the parties.
Ind.Code § 31-15-7-5.
Here, what the trial court essentially found was that Husband sold a number of items of marital property during the parties' separation without the Wife's knowledge or consent, and that Husband used the funds gained from the sale of these items for his own purposes. The evidence supports this conclusion. Specifically, Husband sold a Chevrolet pickup truck, five firearms, and numerous other items of personal property for less than market value. Additionally, Husband claimed that a number of items stored at the marital residence did not belong to him or his wife, including certain firearms, a rolltop desk, a riding mower, a four-wheel all-terrain vehicle, a compressor and a snowmobile. Husband also claimed that a refrigerator, a microwave and a television quit working during the pendency of the proceedings. Further, during the appraisal of the personal property, Husband failed to show the appraiser where a number of items were located and thus, all of the parties' personal property was not included in the appraisal.
As a result of Husband's actions, the trial court concluded that a deviation from the presumptive fifty-fifty division of marital assets was justified. Basically, without so stating, the trial court found that the Husband dissipated marital assets and this conduct justified a deviation. In determining whether marital assets have been dissipated, a trial court should weigh the following factors: "(1) evidence of intent to hide, divert or deplete the asset; (2) whether the expenditure was made for a purpose entirely unrelated to the marriage; (3) the remoteness in time to the filing of the dissolution petition; and (4) whether the expenditure was excessive or de minimis." Bertholet, 725 N.E.2d at 495.
Here, Husband sold personal property belonging to the parties and while he testified that the funds received were used for normal expenses, he sold these items without his Wife's consent or knowledge. Thus, the evidence supports the trial court's finding that the Husband's conduct in selling marital property justified a deviation from the presumptive fifty-fifty division of assets. See Ind.Code § 31-15-7-5. Accordingly, we conclude that the trial court did not abuse its discretion in awarding Wife sixty percent (60%) of the marital estate and awarding Husband forty percent (40%) of the marital property.[1]
*127 III. Child Support
As his last issue, Husband contends that the trial court improperly calculated his child support obligation by imputing income to him. Child support orders must be made in compliance with the Indiana Child Support Rules and Guidelines. Clark v. Madden, 725 N.E.2d 100, 107 (Ind.Ct.App.2000). Upon appeal, a trial court's child support order will only be disturbed when it is clearly erroneous. Carr v. Carr, 600 N.E.2d 943, 945 (Ind. 1992). "[I]n reviewing a support order, the trial court's factual findings will not be found to be clearly erroneous unless the evidence contains no facts or reasonable inferences supporting the findings." Clark, 725 N.E.2d at 108.
Here, Husband is self-employed. The difficulties in assessing income for the self-employed is noted in Child Support Guideline 3, Commentary 3(A)(2). Id. at 107. Guideline 3(A)(3) provides that where a parent is voluntarily underemployed the court shall calculate child support based on a determination of potential income. Id. "Potential income is to be determined upon the basis of the work history, occupational qualifications, prevailing job opportunities, and earning levels in the community." Id.
The trial court found that Husband was self-employed in construction work and in 1998 his profit and loss statement showed gross receipts of $16,000.00 (equaling approximately $307.69 per week). The trial court also found that the Husband's employment is somewhat dependent upon weather conditions. Husband is often unable to work during inclement weather; however, the trial court noted that this suits Husband as it allows him time to pursue his interests in outdoor sports such as hunting and fishing. Additionally, the trial court found that Husband had been offered full-time employment with one company at the rate of $15.00 per hour plus the use of a vehicle and another at the rate of $12.00 per hour. Husband turned down both of these job offers. Thus, the trial court concluded that Husband is capable of earning a gross weekly wage of $540.00 ($13.50 per hour based on a 40 hour week) and based it child support calculation on this potential income.
Thus, the trial court's conclusion that Husband has potential income of $13.50 per hour is based on the evidence that was before the trial court and consequently, the trial court's child support order was not clearly erroneous.

CONCLUSION
Based on the foregoing, we conclude that the trial court did not err in awarding Wife sole custody of the parties' minor children and awarding Husband guideline visitation. Further, we conclude that the trial court properly determined the issues relating to the division of marital property and appropriately determined Husband's child support obligation.
Affirmed.
ROBB, J., and DARDEN, J., concur.
NOTES
[1] Husband also argues that the trial court's division of marital property was based on the trial court's perspective that he was at fault. In its Findings, the trial court noted that: "During the pendency of these proceedings, [Husband's] actions can only be described as insensitive, callous and cunning." (R. 129). While this type of hyperbole is probably better left omitted from a trial court's findings; we nonetheless do not believe that the trial court's division of assets was based on the court's perception of Husband's fault but rather on the trial court's findings that Husband improperly sold marital assets.