**Carolyn S. BECKLEY, Appellant–
Petitioner,**

v.

**Jack D. BECKLEY, Appellee–
Respondent.**

No. 05A02–0211–CV–929.

Court of Appeals of Indiana.

July 1, 2003.

Chris M. Teagle, Muncie, IN, Attorney for Appellant.

Robert G. Forbes, Forcum & Forbes, LLP, Hartford City, IN, Attorney for Appellee.

## OPINION

BAKER, Judge.

Appellant-petitioner Carolyn S. Beckley appeals the property division entered by the trial court in her marital dissolution action against appellee-respondent Jack D. Beckley. Specifically, Carolyn alleges that the trial court erred in deviating from the statutory presumption of an equal property division because the factors it used to effect an unequal division are not supported by the record. Jack cross-appeals, claiming that the trial court erred by including his award of benefits under the Federal Employers Liability Act (FELA) within the "marital pot." Concluding that the trial court erroneously categorized the entire FELA award as a marital asset, we reverse and remand.

## FACTS

The facts most favorable to the judgment reveal that Jack began working for the Norfolk Southern Railroad (Railroad) on May 8, 1972. Carolyn and Jack were married on August 18, 1973. On March 4, 1999, Jack was injured during the course of his employment with the Railroad, thereby rendering him permanently unable to work. On March 2, 2000, Jack agreed to a settlement—in accordance with the FELA—with the Railroad wherein he would receive $175,000 after expenses and attorney fees. On March 20, 2000, Jack received the proceeds of the settlement. Jack used $25,000 of the settlement to reduce the mortgage on the marital residence and $12,000 to retire a loan on Carolyn's vehicle. Of the original $175,000 FELA settlement, only $96,000 was left after the mortgage was paid down, the loan for Carolyn's vehicle retired, and personal items purchased.[1]

On July 10, 2000, Carolyn filed a petition for marital dissolution. The parties stipulated to the division of the marital estate except as to the remainder of the FELA settlement proceeds. As a result, the trial court awarded one-half of the equity in the marital residence—excluding the $25,000 paydown of the mortgage from settlement funds—to each party. Additionally, the trial court awarded each party one vehicle, both vehicles being of equal value.

At the final hearing on January 25, 2001, Jack argued that the FELA settlement—like a worker's compensation award—was an award in lieu of future income and not marital property subject to division. Carolyn countered that Jack was going to receive monthly disability benefits from the Railroad Retirement Board. Thus, Carolyn reasoned, the FELA settlement could not represent future income.

---

**1.** Though Jack and Carolyn used more than $40,000 of the settlement to purchase "per-sonal items," the record is devoid of descriptions of these items.

In the end, the trial court decided that the FELA settlement was compensation for future lost income but included it in the marital estate. Subsequently, the trial court awarded three-fourths of the proceeds from the FELA settlement to Jack, with the remaining one-fourth going to Carolyn. When the settlement, home equity, and vehicles were taken into account, Jack received 69% of the marital property and Carolyn received 31%. The trial court justified awarding the majority of the marital estate to Jack by finding that Jack's ability to earn income was less than that of Carolyn's, who was currently employed and earning $2,142 per month. Carolyn now appeals, and Jack cross-appeals.

## DISCUSSION AND DECISION

Carolyn argues that the trial court abused its discretion in awarding Jack more than half the marital property. Specifically, Carolyn contends that Jack did not present sufficient evidence to overcome the presumption that the marital estate should be equally divided. By way of cross-appeal, Jack alleges that the trial court erroneously included the lump sum settlement received from the Railroad in the marital estate. Specifically, Jack claims that the FELA lump sum settlement—like worker's compensation benefits—is separate property not subject to division.

In addressing this issue, we note that the trial court made specific findings of fact and conclusions of law. Therefore, we first determine if the evidence supports the court's findings of fact. *Bertholet v. Bertholet,* 725 N.E.2d 487, 495 (Ind.Ct. App.2000). On review, we will uphold a trial court's findings unless "there is no evidence or inferences reasonably drawn therefrom to support" them. *Id.* After this review, we ascertain whether those findings support the trial court's judgment. *Id.*

■■ The division of marital property in Indiana is a two-step process. *Coffey v. Coffey,* 649 N.E.2d 1074, 1077 (Ind.Ct.App. 1995). The trial court must first determine what property is marital property, or in the "marital pot." *Id.* Then, the trial court must divide the property under the presumption that an equal split is "just and reasonable." Ind.Code § 31–15–7–5; *Coffey,* 649 N.E.2d at 1077. If the trial court deviates from this presumption, it must state why it did so. *Lang v. Lang,* 668 N.E.2d 285, 290 (Ind.Ct.App.1996).

■ Our statute addressing the composition of the marital estate, reads as follows:

In an action for dissolution of marriage under IC 31–15–2–2, the court shall divide the property of the parties, whether:

(1) owned by either spouse before the marriage;

(2) acquired by either spouse in his or her own right:

(A) after the marriage; and

(B) before final separation of the parties; or

(3) acquired by their joint efforts.

Ind.Code § 31–15–7–4. "This 'one pot' theory specifically prohibits the exclusion of any asset from the scope of the trial court's power to divide and award." *Coffey,* 649 N.E.2d at 1076.

■ Thus, the initial inquiry—one of first impression in Indiana—is whether Jack's settlement proceeds under FELA should be included in the marital estate. States are split on the issue of whether such awards should be included and subject to division. For instance, the Arkansas Supreme Court held that when a FELA award is compensation for lost fu-

**1036**

ture income on account of job-related permanent disability, it is excluded from the marital estate. *Collins v. Collins,* 347 Ark. 240, 61 S.W.3d 818, 826 (2001). Kansas takes a similar approach:

> [T]o the extent that FELA benefits compensate an injured spouse for post-dissolution lost earnings or loss of earning capacity, the benefits are not marital property. However, to the extent the benefits compensate for a diminution of the marital estate, that is, compensation for past wages, medical expenses, and other items incurred during the marriage, the benefits are marital property subject to division.

*Marriage of Buetow,* 27 Kan.App.2d 610, 3 P.3d 101, 104 (2000). Conversely, Montana treats an award under FELA as marital property subject to division. *Marriage of Jones,* 229 Mont. 128, 745 P.2d 350, 351 (1987). The rationale behind Montana's rule seems to be that the funds from a FELA award are received by the married couple as co-owners and not by one individual. *Id.*

Because both FELA and our worker's compensation laws address compensation for on-the-job injuries, we believe our decisions with respect to worker's compensation should apply with equal force to FELA. We acknowledge that the FELA is not the same statute as our worker's compensation law. Nevertheless, both the FELA and our worker's compensation statute provide injured employees with financial awards due to an injury incurred during the course of employment. Justice Douglas stated that "the Federal Employers' Liability Act was designed to put on the railroad industry some of the cost for the legs, eyes, arms, and lives which it consumed in its operations." *Wilkerson v. McCarthy,* 336 U.S. 53, 68, 69 S.Ct. 413, 93 L.Ed. 497 (1949)(Douglas, J., concurring). Similarly, our supreme court recently held

that "the [Worker's Compensation] Act is designed for the humanitarian purpose of providing injured workers with an expeditious and adequate remedy." *Sims v. U.S. Fidelity & Guar. Co.,* 782 N.E.2d 345, 352 (Ind.2003). In light of such language, we think it follows that our rationale regarding worker's compensation benefits should apply with equal force to claims involving FELA.

In particular, even though Indiana has adopted the "one pot" theory with regard to the division of marital property, our supreme court has specifically held that worker's compensation benefits representing future income are *excluded* from the "marital pot" and not subject to division. *Leisure v. Leisure,* 605 N.E.2d 755, 759 (Ind.1993). In *Leisure,* the husband worked as a federal air traffic controller. In March 1989, the husband became medically disabled and applied for federal worker's compensation from the federal government. Two months later, the wife filed for dissolution. On July 16, 1989, the husband was found to qualify for federal employee worker's compensation. The trial court found that the worker's compensation payments and a lump sum of $20,000 the husband received as awards were divisible marital property because the awards represented compensation for personal injury. The Court of Appeals affirmed the trial court's holding. However, our supreme court reversed. *Id.* Specifically, our supreme court noted that:

> [I]t is now generally accepted that worker's compensation is awarded in lieu of lost wages and not as damages for pain, suffering, and monetary loss caused by the fault of the employer. The worker's compensation benefits are intended to replace the future wages that the employee would earn if he were able to continue to work.

*Id.* at 758–59. Thus, because worker's compensation awards represented *future* income, they were not within the statutory definition of marital property. *Id.* at 759. The *Leisure* court did qualify its holding, however, by stating that "[t]he worker's compensation benefits received during the marriage to replace earnings of *that period* are a marital asset subject to distribution, but to the extent the worker's compensation benefits replace earnings after dissolution, the benefits remain separate property." *Id.* (emphasis added).

Here, it is apparent that the trial court included the lump sum FELA settlement within the marital estate, in contravention of *Leisure's* holding that worker's compensation awards are equivalent to *future* income. *Leisure,* 605 N.E.2d at 759. Thus, we must reverse the trial court's order and remand this cause to the trial court so that it may re-divide the marital estate pursuant to the rule announced in *Leisure.* To be sure, a small portion of the FELA settlement will be a part of the marital estate inasmuch as Carolyn filed for dissolution four months after Jack received the award. As a result, part of the FELA proceeds attributable to these four months should be included in the marital pot.

We remand this cause to the trial court for a re-computation of the marital estate and its division in accordance with this opinion.

Reversed and remanded.

SULLIVAN, J., and DARDEN, J., concur.