**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**ZACHARY T. ROSENBARGER**
Wuertz Law Office, LLC
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**CHRISTOPHER E. CLARK**
Goodin Abernathy, LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

KENNETH HAWKINS,     )
            )
  Appellant-Petitioner,   )
            )
    vs.       )  No. 49A02-1203-DR-206
            )
DEBRA HAWKINS,     )
            )
  Appellee-Respondent.   )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable David J. Dreyer, Judge
The Honorable John J. Boyce, Commissioner
Cause No. 49D10-0811-DR-49769

**November 1, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

The parties in this case have been married to each other twice. In this ongoing litigation concerning the distribution of marital assets following the dissolution of their second marriage, an earlier direct appeal resulted in a remand for the purpose of determining the value of the husband's pension. The instant case is a direct appeal from that remand during which the trial court not only determined the value of the husband's pension, but also the value of his life insurance policy, and redistributed the marital assets.

Appellant-respondent Kenneth Hawkins (Husband) appeals from the trial court's distribution of the marital assets, following the second dissolution of his marriage from appellee-petitioner, Debra Hawkins (Wife). More particularly, Husband argues that the unequal redistribution exceeded the remand instructions and included a life insurance policy that was not discussed in the first appeal, and therefore, should not be included in the marital estate.

Wife cross-appeals, requesting that this Court award attorney fees in light of the lengthy litigation that she has had to finance to distribute the marital assets following the dissolution. Finding no error and declining to award Wife attorney fees, we affirm the judgment of the trial court.

<u>FACTS</u>

As stated above, Husband and Wife have been married to each other twice. They were first married on March 21, 1992. That marriage ended on May 1, 2003, by a

2

dissolution decree under cause number 49D05-0211-DR-1879.  After dissolving their marriage, the couple lived apart for several months but maintained contact.

Husband and Wife remarried on April 16, 2004.  Both parties were employed for much of the marriage; however, towards the end of the marriage, Husband's work hours were significantly reduced because less work was available for him.

Unfortunately, the second marriage also failed, and Wife filed for dissolution of marriage on November 3, 2008.  Mediation was unsuccessful, and a final hearing was conducted on January 12, 2010.  No children were born to the marriage, so division of the marital property was the primary issue before the trial court at the final hearing.

When the trial court issued its decree of dissolution, it ordered an equal distribution.  The vast majority of Husband's share was based on the value assigned by the trial court to his pension, which was $181,800.  Additionally, Husband was ordered to make an equalization payment of $19,546.

Husband appealed the distribution of assets, raising three arguments: 1) the trial court erred by dividing property that was subject to the 2003 decree, dissolving the parties' first marriage; 2) the trial court erred by referencing Husband's instances of negative behavior, including allegations of domestic violence, a conviction for intimidation, his violation of a protective order that Wife had obtained against him, and his disruptive conduct during the final dissolution hearing; and 3) the trial court erred by assigning a value to Husband's pension without considering the present value of the

benefits.  <u>Hawkins v. Hawkins</u>, 49A05-1007-DR-446, slip op. at 1 (Ind. Ct. App. March 11, 2011) (Hawkins I).

The <u>Hawkins I</u> Court determined that upon the parties' second marriage, the retirement account once again became marital property subject to equitable division, and "[f]or purposes of the present dissolution, the 2003 decree is not controlling and the trial court did not err by disregarding it." <u>Hawkins I</u>, slip op. at 3.  As for Husband's negative behavior, the panel noted that because the trial court did not rely on his negative behavior in dividing the marital property, any error concerning Husband's negative behavior was not grounds for reversal. <u>Id.</u> at 4.

Lastly, the panel concluded that "[b]ecause a dollar now is worth more than a dollar ten years from now, [Husband's] receipt of his pension over time following his retirement is worth less than the same dollar amount divided between [Husband] and [Wife] now." <u>Id.</u>  Accordingly, the panel remanded to the trial court with instructions to hold a hearing on the proper value of Husband's pension.  The panel further stated:

> The trial court is also instructed to reconsider the division of assets and make any change to [Husband's] equalization payment to [Wife] that may be necessary for an equal or otherwise equitable division in light of any new value assigned the pension.

<u>Id.</u> at 6.

A hearing on remand was conducted on July 29, 2011.  The Husband called an actuary as an expert witness to provide testimony regarding the present value of Husband's pension.  The actuary stated that the present value of Husband's pension as of

the date of the filing of the second dissolution petition was $102,902. Appellant's App. p. 242, 266-68.

Because Wife appeared pro se, the hearing on remand was bifurcated so that she could return with counsel. The second half of the remand hearing was conducted on October 6, 2011. During the second half of that hearing, Wife's counsel raised the issue of a life insurance policy that was not included in the first distribution.

When the trial court issued its distribution of marital assets and liabilities following the remand hearing, the trial court adopted the present value of Husband's pension as testified to by the actuary. The value of Husband's pension included in the marital estate was then reduced from $181,800[1] to $71,929, based on a coverture fraction that included that entire time from the beginning of the parties' first marriage to the date of filing for dissolution of the second marriage. Appellant's App. p. 14-15.

The trial court also determined that

changes to equalization [are] necessary and finds that based upon the new values assigned, the impact of those new values upon each party, and the disparity in the earning abilities of the parties that equitable distribution requires the court to deviate from an equal distribution of assets and liabilities and to distribute 58.9% of the marital estate to [Wife] and 41.1% of the estate to [Husband], as set out in Paragraph 12, above, and resulting in no equalization payment required from either party to the other.

Id. at 16.

On January 13, 2012, Husband filed a motion to correct error, which was denied on February 20, 2012. Husband now appeals.

---

[1] The value placed on Husband's pension before remand.

5

## DISCUSSION AND DECISION

### I. Standard of Review

Husband argues that the trial court erred on remand by ordering an unequal distribution of the marital property and exceeding the bounds of the remand instructions and the statutory presumption in favor of an equal distribution of marital property. Additionally, Husband contends that the trial court erred by including a life insurance policy that was not in the original distribution, and, therefore, not discussed in the first appeal. Consequently, Husband contends Wife waived raising the life insurance policy as an asset.

Here, the trial court entered findings of fact and conclusions thereon pursuant to Indiana Trial Rule 52(A). When a trial court enters findings of fact and conclusions thereon, we first determine whether the evidence supports the findings and then whether the findings support the judgment. Breeden v. Breeden, 678 N.E.2d 423, 425 (Ind. Ct. App. 1997).

On appeal, a reviewing court may not set aside the trial court's judgment unless it is clearly erroneous. In re Marriage of Nickels, 834 N.E.2d 1091, 1095 (Ind. Ct. App. 2005). Findings are clearly erroneous when a review of the record leaves one firmly convinced that a mistake has been made. Cooper v. Calandro, 581 N.E.2d 443, 445 (Ind. Ct. App. 1991).

6

## II. Unequal Distribution of Assets

Husband argues that on remand, the trial court erred by unequally distributing the marital assets and that its decision to do so was based on factors outside the scope of the remand instructions. Indiana Code section 31-15-7-5 governs the division of marital assets upon dissolution and provides:

> The court shall presume that an equal division of the marital property between the parties is just and reasonable. However, this presumption may be rebutted by a party who presents relevant evidence, including evidence concerning the following factors, that an equal division would not be just and reasonable:
>
> (1) The contribution of each spouse to the acquisition of the property, regardless of whether the contribution was income producing.
>
> (2) The extent to which the property was acquired by each spouse:
>
> (A) before the marriage; or
>
> (B) through inheritance or gift.
>
> (3) The economic circumstances of each spouse at the time the disposition of the property is to become effective, including the desirability of awarding the family residence or the right to dwell in the family residence for such periods as the court considers just to the spouse having custody of any children.
>
> (4) The conduct of the parties during the marriage as related to the disposition or dissipation of their property.
>
> (5) The earnings or earning ability of the parties as related to:
>
> (A) a final division of property; and
>
> (B) a final determination of the property rights of the parties.

The reviewing court is to presume that the trial court considered all of the evidence in the record and properly applied the statutory factors. Shumaker v. Shumaker, 559 N.E.2d 315, 318 (Ind. Ct. App. 1990). The trial court is not required to list those factors that do not justify an unequal division of the property, but rather, need only state its reasons for deviating from the presumption of an equal division. Id.

In Hawkins I, a panel of this Court remanded the original judgment back to the trial court to assign a present value to Husband's pension. Hawkins I, slip op. at 6. Moreover, the trial court was instructed to "reconsider the division of assets and make any change to [Husband's] equalization payment to [Wife] that may be necessary for an equal or otherwise equitable division in light of any new value assigned to the pension." Id.

On remand, Husband's pension was determined to be valued $71,929 rather than $181,800 "as previously ordered." Appellant's App. p. 15. Following this adjustment, the trial court further determined that:

> Equity requires that two additional adjustments be made to the court's previous distribution to the marital estate. First, . . . this court determined that [Husband] owned life insurance with a cash value of $20,000.00 . . . . That asset, however, was inadvertently not included as a part of the final marital distribution. That error should now be corrected. Second, the court determined that each party was to pay one-half of the tax liability of $2,137.00 owed at the time of final hearing. To avoid additional penalties and interest [Wife] paid the entire amount due and [Husband] had not reimbursed her as of the remand hearing on October 6, 2011. The marital distribution should now be adjusted to account for the additional liability paid by [Wife] on behalf of [Husband].

8

Id. (emphases added); see also id. at 27 (finding 27 in the April 21, 2010 decree, stating "[Wife] owns only term policies with no cash value. [Husband] reported cash value of $20,000.00").

As stated above, the trial court acknowledged that its April 21, 2010 decree effected an equal distribution of the marital assets. Appellant's App. p. 16. However, the trial court observed that because a substantially different value had been assigned to Husband's pension, "[t]he court also now reconsiders changes to equalization necessary . . . based upon the new values assigned, the impact of those new values upon each party, and the disparity in the earning abilities of the parties that equitable distribution requires the court to deviate from equal distribution." Id. Specifically, the trial court awarded 58.9% of the marital estate to Wife and 41.1% of the marital estate to Husband. Id.

Here, since 2008, Wife had been responsible for making payments and taking care of the marital home. Appellant's App. p. 88. And although Husband argues that the trial court made no findings of fact regarding the parties' earning abilities, there was ample evidence presented at the original trial court hearing on the earning abilities of both parties. More particularly, Wife submitted a financial declaration in March 2009 that her estimated gross weekly salary was $593.20. Id. at 91. Husband's financial declaration showed $415 in unemployment income. Id. at 152. But according to his testimony, he had the capacity to earn $850 a week. Id.

Under these circumstances, we cannot say that the trial court erred by unequally dividing the marital estate on remand. Moreover, in light of the trial court's admission

that it had inadvertently failed to include Husband's life insurance in the marital estate and was going to correct that error, we cannot agree with Husband's assertion that it was error for the trial court to include his life insurance in the marital estate or that Wife had somehow waived its inclusion.

First, it was entirely proper to include Husband's life insurance as a marital asset. See Ind. Code § 31-15-7-4(a) (stating that in a dissolution of marriage action, the court shall divide the property of the parties, whether it was owned by either of them before the marriage, acquired by either of them in his or her own right during the marriage, or acquired by their joint efforts). Additionally, unless the parties have an express agreement to the contrary, we "express doubt that a party may 'waive' an asset out of the marital pot." Ross v. Ross, 638 N.E.2d 1301, 1304 (Ind. Ct. App. 1994). Consequently, we find Husband's arguments unavailing.

### III. Cross Appeal – Attorney Fees

Wife cross-appeals, requesting that this Court award her attorney fees in light of the lengthy litigation that she has had to finance to receive her portion of the marital estate. Wife admits that she was prepared to put the issue behind her following the trial court's hearing on remand. Accordingly, it appears that Wife did not request attorney fees from the trial court. However, Wife highlights the fact that "she has now incurred even more attorney fees with the second appeal on marital distribution of assets." Appellee's Br. p. 8.

10

Indiana Code section 31-15-10-1 provides that a trial court may order a party to pay a reasonable amount to the other party for the cost of maintaining or defending any action in dissolution proceedings. In deciding whether to grant a request for attorney fees, the "court must consider the resources of the parties, their economic condition, the ability of the parties to engage in gainful employment and to earn adequate income, and other factors that bear on the reasonableness of the award." Hartley v. Hartley, 862 N.E.2d 274, 286 (Ind. Ct. App. 2007). These factors promote the legislative purpose of the statute, which is to give the party, who would otherwise not be able to afford representation, the ability to retain an attorney. Id. at 286-87.

Here, Wife is able to engage in gainful employment. Appellant's App. p. 91. Additionally, Wife was awarded 58.9% of the marital estate. But most compelling, Wife failed to request attorney fees from the trial court. Consequently, we are unable to give Wife what she requests, which is to grant an award of attorney fees to be determined by the trial court. Accordingly, Wife's request is denied, and we affirm the decision of the trial court.

The judgment of the trial court is affirmed.

ROBB, C.J., and BRADFORD, J., concur.

11