**Robert M. LEISURE, Appellant (Petitioner Below),**

v.

**Debra Lynn LEISURE, Appellee (Respondent Below).**

No. 53S04–9301–CV–002.

Supreme Court of Indiana.

Jan. 4, 1993.

---

756

Douglas Norris, Cambridge City, for appellant/petitioner.

James P. Sheldon, Lewellyn H. Pratt, Bloomington, for appellee/respondent.

## ON PETITION TO TRANSFER

KRAHULIK, Justice.

This case concerns the division of worker's compensation benefits as a marital asset. Robert M. Leisure (Petitioner–Appellant below) seeks transfer after the Court of Appeals affirmed the trial court's division, as marital property, of his worker's compensation benefits in favor of Debra Lynn Leisure (Respondent–Appellee below). *Leisure v. Leisure* (1992), Ind.App., 589 N.E.2d 1163.

The facts relevant to this issue are as follows. Robert M. Leisure ("Husband") worked as an air traffic controller for the Federal Aviation Administration throughout his marriage to Debra Lynn Leisure ("Wife"). In August of 1988, Husband lost the medical qualifications necessary to work as an air traffic controller and was assigned to administrative duties. On March 29, 1989, Husband applied for immediate medical retirement. At this time, Husband applied both for disability benefits through the Office of Personnel Management ("OPM") and for federal worker's compensation benefits through the Office of Worker's Compensation Programs ("OWCP").

On July 16, 1989, Husband was notified that he was entitled to OPM benefits in the net amount of $1,555.23 per month. On February 28, 1990, Husband was notified that he was eligible for OWCP benefits in the net amount of $3,278.68 every four weeks. Husband was eligible for the OWCP benefits retroactive to July 16, 1989; however, he was not entitled to receive both benefits. Husband elected to receive the OWCP benefits which required Husband to reimburse the Office of Personnel Management for the actual OPM benefits paid. Additionally, the OWCP awarded Husband a lump sum payment, approximately $20,000, for the difference between the amount he was eligible to receive as OWCP benefits and the amount he had received as OPM benefits.

The trial court entered an order of dissolution on September 5, 1990, in which the Husband's OWCP benefits were determined to be a marital asset. The trial court awarded Wife one-half of the OWCP benefits and one-half of the retroactive lump sum payment of OWCP benefits.

Husband raised eight assignments of error in the Court of Appeals. Among the claimed errors were the trial court's failure to grant the consolidated motion for change of venue and recusal, the finding that the OWCP benefits were a marital asset, the calculation of child support payments, and the trial court's failure to modify the provisional order. In his petition to transfer, Husband challenges the determination of the OWCP benefits as a marital asset. We accept transfer in order to resolve this issue.

### Worker's Compensation Benefits

Husband asserts that the OWCP benefits he received are not a divisible marital asset, but rather are personal property and, therefore, the court erred in awarding Wife a share of those benefits. Husband supports this position with several arguments. He asserts that the OWCP benefits are not subject to distribution as marital property in a dissolution action because those benefits (1) replace future, not past, earnings; (2) are not within the statutory definition of "property"; (3) had not vested at the time the petition for dissolution was filed; and (4) are exempt under 5 U.S.C. § 8130.

Indiana law requires that the property in a dissolution proceeding be divided in a

"just and reasonable manner." *Ind. Code* § 31–1–11.5–11(b). Property is defined by *Ind. Code* § 31–1–11.5–2(d) as follows:

(d) The term "property" means all the assets of either party or both parties, including:

(1) A present right to withdraw pension or retirement benefits;

(2) The right to receive pension or retirement benefits that are not forfeited upon termination of employment, or that are vested, as that term is defined in Section 411 [26 U.S.C. § 411] of the Internal Revenue Code, but that are payable after the dissolution of marriage; and

(3) The right to receive disposable retired or retainer pay, as defined in 10 U.S.C. 1408(a), acquired during the marriage, that is or may be payable after the dissolution of marriage.

Husband asserts that the OWCP benefits are not within the Indiana definition of property and, therefore, are not a marital asset subject to division. He asserts that the benefits are a personal asset intended to compensate an employee for a work-related injury and are intended to replace the future earnings of the employee. In furtherance of his argument, he states that the worker's compensation is different than a pension which is marital property.

Husband argues that the facts of the present case are distinguishable from the decision in *Gnerlich v. Gnerlich* (1989), Ind.App., 538 N.E.2d 285, and do not mandate a similar holding. In *Gnerlich*, the issue was whether the disability insurance benefits were a marital asset subject to distribution. *Id.* at 286. The husband became entitled to these benefits by making monthly contributions to an employer-sponsored program. *Id.* The Court of Appeals determined that these benefits were a marital asset subject to distribution because, in order to obtain the policy coverage, the husband used marital assets, thus depriving the family of the present use of those funds. *Id.* at 288. It is appropriate that upon the payment of benefits under this policy, the benefits are considered marital property. Contrary to *Gnerlich*, here,

Husband did not pay a monthly amount to provide for this type of insurance against lost earnings, nor did he take any other action which would deplete marital assets. We agree with Husband that the two cases are distinguishable.

In determining whether worker's compensation benefits are a personal asset or a marital asset, we examine the purpose of a worker's compensation act. The federal worker's compensation system, created for similar policy reasons as the state worker's compensation system, gives employees a quicker and more certain relief than a common law tort action. *U.S. v. Demko* (1966), 385 U.S. 149, 151, 87 S.Ct. 382, 383, 17 L.Ed.2d 258, 260; *Avasthi v. United States* (1979), 5th Cir., 608 F.2d 1059, 1060. Likewise, the Indiana Worker's Compensation Act was enacted to remove obstacles and insure a more certain remedy for the injured worker. *North v. U.S. Steel Corp.* (1974), 7th Cir., 495 F.2d 810, 813; *Frampton v. Central Ind. Gas Co.* (1973), 260 Ind. 249, 251, 297 N.E.2d 425, 427. Both the federal and Indiana acts provide a statutory right to compensation for the employee in exchange for limiting the liability of the employer to that provided by the particular act. *Demko*, 385 U.S. at 151, 87 S.Ct. at 384, 17 L.Ed.2d at 260; *North*, 495 F.2d at 813; *Ross v. Schubert* (1979), 180 Ind.App. 402, 406, 388 N.E.2d 623, 627. The awarding of worker's compensation, however, is not identical to a personal injury recovery. The Worker's Compensation Act does not contemplate a recovery for pain and suffering. *See Kinzie v. General Tire & Rubber Co.* (1956), 235 Ind. 592, 600, 134 N.E.2d 212, 216.

Although historically worker's compensation awards replaced an injured employee's common law tort claim against his employer, it is now generally accepted that worker's compensation is awarded in lieu of lost wages and not as damages for pain, suffering, and monetary loss caused by the fault of the employer. *See* 1C *Larson Workmen's Compensation Law*, § 57.10 (1992). The worker's compensation benefits are intended to replace the future

wages that the employee would earn if he were able to continue to work. Worker's compensation, however, is different from a pension.

■■■ A pension accrues during the time period a person works and, to the extent that the pension accrues during the marriage, it is subject to distribution as part of the marital estate. A pension returns to the employee an amount of money based on the time he worked. A pension is a system of deferred compensation, in that an employee accepts a lower present wage in order to receive a pension upon retirement. Worker's compensation benefits, on the other hand, are based on an event which occurs during the work relationship and are awarded to replace the wages the employee is unable to earn because of the injury. The benefits are not compensation for actual work performed, but compensate the employee for decreased working capacity as a result of the work-related injury. A pension, once vested, cannot be taken away from the employee, but worker's compensation benefits are contingent on the employee's continued disability.

■■■ We hold that worker's compensation benefits are not a vested property interest subject to distribution as a present marital asset, but, rather, they represent future income. In dividing the property eligible for disposition under a dissolution decree, the trial court may depart from an equal division upon consideration of various statutory factors among which are economic circumstances and earning abilities. *Ind.Code* § 31–1–11.5–11(c). However, these considerations may not expand the definition of property available for distribution by the dissolution court, *Moore v. Moore* (1985), Ind.App., 482 N.E.2d 1176, 1180, nor may the trial court divide the future earnings of a party in anticipation that they will be earned. *Wilcox v. Wilcox* (1977), 173 Ind.App. 661, 665, 365 N.E.2d 792, 795. Having determined that the worker's compensation benefits represent future income, we hold that the worker's compensation benefits are not property within the definition of property contained in *Ind.Code* § 31–1–11.5–2(d) and are not

subject to distribution. The worker's compensation benefits received during the marriage to replace earnings of that period are a marital asset subject to distribution, but to the extent the worker's compensation benefits replace earnings after dissolution, the benefits remain separate property. Dissolution is defined by statute as the "date of filing the petition for dissolution of marriage." *Ind.Code* § 31–1–11.5–11(a). The petition for dissolution of marriage was filed in this case on May 8, 1989. Husband began receiving benefits for the period beginning July 16, 1989. Therefore, the benefits he received remain his separate property. Similarly, the lump sum payment of OWCP benefits represents income for the period beginning July 16, 1989, and is likewise the separate property of Husband.

Husband asserts that the OWCP benefits had not vested and were therefore not subject to distribution. Additionally, Husband argues that the OWCP benefits are exempt from Wife's claims pursuant to 5 U.S.C. § 8130 and that, by enacting this section, Congress intended for federal law to preempt state law. Our resolution that worker's compensation benefits represent future income and are thus a personal asset renders a ruling on these arguments unnecessary.

The Court of Appeals also addressed Husband's arguments that the trial court should have granted his consolidated motion for change of judge and recusal and that the trial court improperly calculated the child support payments. We have considered the arguments on these issues and conclude that the Court of Appeals correctly decided those issues. Therefore, pursuant to Indiana Appellate Rule 11(B)(3), we adopt and incorporate by reference the portions of the opinion of the Court of Appeals which address the consolidated motion and child support payment issues.

## CONCLUSION

Accordingly, we grant transfer, vacate the opinion of the Court of Appeals except as to those issues adopted and incorporated by reference, reverse the determination of

**760**

worker's compensation benefits as a marital asset, and remand this case to the trial court for proceedings consistent with this opinion.

SHEPARD, C.J., and DeBRULER and DICKSON, JJ., concur.

GIVAN, J., dissents, without opinion.