Carolyn S. BECKLEY, Appellant (Petitioner below),

v.

Jack D. BECKLEY, Appellee (Respondent below).

No. 05S02–0311–CV–498.

Supreme Court of Indiana.

Feb. 10, 2005.

Chris M. Teagle, Muncie, IN, Attorney for Appellant.

Robert G. Forbes, Hartford City, IN, Attorney for Appellee.

RUCKER, Justice.

The question presented is whether an award of benefits under the Federal Employers' Liability Act (FELA) is a part of the marital estate subject to distribution. We conclude: only that portion of the award intended as compensation for losses incurred during the marriage is included in the marital estate.

## Facts and Procedural History

Jack D. Beckley (Husband) was injured in a work-related accident while employed by the Norfolk Southern Railroad Company. Husband settled his claim pursuant to FELA. The Act covers employees of common carrier railroads. The total settlement equaled $250,000. After expenses and attorney fees, Husband received a lump sum settlement in the amount of $175,000. About four months after the settlement, Carolyn S. Beckley (Wife) filed a petition for dissolution of marriage. Although the parties stipulated to the division of some of their assets, they could not agree on the treatment of the FELA settlement. In its distribution of assets, the trial court included the entire settlement in the marital estate, awarded three-fourths of the settlement to Husband, and awarded the remaining one-fourth to Wife. In the end Husband received sixty-nine percent of the marital property and Wife received thirty-one percent. As grounds for the unequal distribution the trial court noted among other things Husband's ability to earn income was less than that of Wife, and "a portion of the personal injury settlement was for future lost wages." Appellant's App. at 63 (Final Order on Division of Property). Both Husband and Wife appealed. Wife complained the trial court erred in dividing the marital estate unequally, and Husband complained the

trial court erred in including the FELA settlement in the marital estate. Noting this was a case of first impression, the Court of Appeals reversed the judgment of the trial court reasoning that an award under FELA is similar to workers' compensation benefits, which are excluded from the marital pot. *See Beckley v. Beckley*, 790 N.E.2d 1033, 1036–37 (Ind.Ct.App. 2003). Having previously granted Wife's petition to transfer we now affirm the judgment of the trial court.

## Discussion

In an action for dissolution of marriage the trial court is required to divide the marital property in a "just and reasonable manner." Indiana Code § 31–15–7–4(b). Our statutes define "property" as:

[A]ll the assets of either party or both parties, including:

(1) a present right to withdraw pension or retirement benefits;

(2) the right to receive pension or retirement benefits that are not forfeited upon termination of employment or that are vested (as defined in Section 411 of the Internal Revenue Code) but that are payable after the dissolution of marriage; and

(3) the right to receive disposable retired or retainer pay (as defined in 10 U.S.C. 1408(a)) acquired during the marriage that is or may be payable after the dissolution of marriage.

I.C. § 31–9–2–98(b). It has long been the law in this State that future earnings are not considered part of the marital estate for purposes of property division. *Neffle v. Neffle*, 483 N.E.2d 767, 769 (Ind.Ct.App. 1985), *trans. denied; In re Marriage of McManama*, 272 Ind. 483, 399 N.E.2d 371, 373 (1980); *Wilcox v. Wilcox*, 173 Ind.App. 661, 365 N.E.2d 792, 795 (1977). In *Leisure v. Leisure*, this Court held that work-

ers' compensation benefits represent future earnings and thus are not vested property interests subject to division in a marital estate. 605 N.E.2d 755, 759 (Ind. 1993). "[I]t is now generally accepted that worker's compensation is awarded in lieu of lost wages and not as damages for pain, suffering, and monetary loss caused by the fault of the employer." *Id.* at 758 (citation omitted). Implicit in *Leisure* is that an award of damages for pain and suffering may be included as a part of the marital pot. *Cf. Dusenberry v. Dusenberry,* 625 N.E.2d 458, 462 (Ind.Ct.App.1993) ("[A] tort claim for personal injury which has not been reduced to a judgment has no readily ascertainable value and is not marital property capable of division at the time of dissolution.").

In the case before us Husband contends that the similarities between FELA and Indiana's Workers' Compensation Act dictate that his lump sum FELA settlement should not be included as a part of the marital estate subject to distribution. It is true that both FELA and Indiana's workers' compensation statute are similar in some respects. Congress enacted FELA in 1908 creating a federal remedy designed to shift the cost of the inevitable death and injuries from railroad employment from the employee to the employer. *Consol. Rail Corp. v. Gottshall,* 512 U.S. 532, 542, 114 S.Ct. 2396, 129 L.Ed.2d 427 (1994). In similar fashion the policy underlying Indiana's Workers' Compensation Act is to shift the economic burden for employment-connected injuries from the employee to the employer. *Sims v. United States Fidelity & Guar. Co.,* 782 N.E.2d 345, 351 (Ind.2003).

 Nonetheless there are important distinctions between the two systems. First, FELA is not a workers' compensation statute. *Davis v. Illinois Cent. R.R. Co.,* 359 F.2d 780, 781 (6th Cir.1966)

("Congress has not ... seen fit to provide a work[ers'] compensation statute for railroad employees."); *Barrett v. Toledo, Peoria & W. R.R. Co.,* 334 F.2d 803, 804 (7th Cir.1964) ("The Supreme Court ... has through the years steadfastly maintained that [FELA] is neither an insurance nor work[ers'] compensation Act but a negligence statute."). Second, under Indiana's workers' compensation statute, regardless of fault, an employee is entitled to damages if the employee suffers an accidental injury arising out of and in the course of employment. *Sims,* 782 N.E.2d at 352. By contrast, FELA "imposes liability only for negligent injuries." *Wilkerson v. McCarthy,* 336 U.S. 53, 61, 69 S.Ct. 413, 93 L.Ed. 497 (1949); *see also Bethlehem Steel Corp. v. Consol. Rail Corp.,* 740 N.E.2d 900, 907 (Ind.Ct.App.2000) ("FELA is not a no-fault statute and damages are not owed because an employee is injured."), *trans. denied.* Third, and most important for our purposes here, an award under FELA may also include damages for pain and suffering. *See Norfolk and W. Ry. Co. v. Ayers,* 538 U.S. 135, 141, 123 S.Ct. 1210, 155 L.Ed.2d 261 (2003) (holding that under FELA, railroad workers who developed the disease asbestosis were entitled to recover for fear of developing cancer as a part of pain and suffering damages); *Nairn v. Nat'l R.R. Passenger Corp.,* 837 F.2d 565, 568 (2nd Cir.1988) (finding a jury award of $400,000 for pain and suffering excessive in case prosecuted under FELA for a work-related injury).

In this case the trial court found that although a portion of Husband's FELA settlement represented an award for future wages, and thus not a part of the marital estate subject to distribution, the court also found that a portion of the settlement included an award for pain and suffering. Relying on *Smith v. Smith,* 676 N.E.2d 388 (Ind.Ct.App.1997), *trans. not*

*sought,* the trial court included the entire FELA settlement in the marital estate. In *Smith,* Husband sued his employer for an on-the-job injury and eventually entered a settlement agreement that included a lump sum payment. Upon dissolution of the parties' marriage the trial court included the lump sum payment within the marital estate and divided it accordingly. On appeal Husband argued error claiming the payment should be treated similarly to workers' compensation benefits and thus excluded from the marital pot. Noting that the settlement agreement did not specify whether the payments represented reimbursement for pain and suffering, lost wages, or future income, the Court of Appeals observed: (i) the parties signed a release of all claims which implied that the settlement included an award for pain and suffering, and (ii) with the exception of a modest payment made to Wife, the record was unclear as to what the remaining payments represented. *Id.* at 391. The Court then concluded, "We will not undertake to divide the settlement into separate and marital parts with only the latter being subject to division. Because the settlement for the personal injury action represents compensation for more than any decreased working capacity, *Leisure* does not preclude us from affirming the trial court's division." *Id.* (citations omitted). It is the quoted language on which the trial court in this case relied in concluding that the entire FELA settlement should be included in the marital estate.[1]

■ A FELA settlement may be awarded in lieu of future lost wages only, or may also include an award for pain and suffering. Where the settlement is in lieu of future lost wages only, then it is not "property" within the meaning of the dissolution statute and thus is not subject to distribution. *See Leisure,* 605 N.E.2d at 759. In those instances where the settlement incorporates an award for both pain and suffering and future lost wages, then only that portion which is awarded for pain and suffering may be included as a part of the marital estate. We thus disapprove of language in *Smith* suggesting an entire lump sum settlement is included in the marital pot on the basis that a portion of the settlement is subject to distribution.

In summary, we hold that any part of a FELA award representing future losses is not marital property subject to distribution. Rather, only that portion of the award intended as compensation for past losses, that is, losses incurred during the marriage, is included in the marital estate.

■ This does not mean that the trial court's judgment in this case should be reversed. True, there was evidence before the trial court indicating that the FELA award was "based upon [Husband's] lost future earnings and earning capacity" and also took into account Husband's "pain and suffering." Appellant's App. at 57. However, it is also true that there was no evidence presented to the trial court indicating which amounts were attributable to past pain and suffering—a marital asset subject to distribution—versus the amounts attributable to lost wages or future income—non assets not subject to distribution.

■ The presumption of our dissolution statute is that "all the assets of either party or both parties" are property subject to division. I.C. § 31–9–2–98(b). The

---

1. Specifically the trial court concluded, "That if a personal injury settlement includes pain and suffering and is not limited to future lost wages, the settlement is a marital asset.... That due to the fact that the eventual $250,000.00 settlement that was reached includes more than future lost wages, the settlement is in fact a marital asset pursuant to Indiana Code 31–9–2–98." Appellant's App. at 61.

party who seeks to rebut the presumption, i.e., the party who seeks to have property not included (or at least not divided), bears the burden of demonstrating that the statutory presumption should not apply. This is so because an exclusion from the marital estate directly implicates whether the marital property will be equally divided. And our dissolution statute provides that a party seeking to rebut the presumption of equal division of marital property bears the burden of proof in doing so. I.C. § 31–15–7–5; *see also, Hyde v. Hyde,* 751 N.E.2d 761, 765–66 (Ind.Ct.App.2001) (holding that wife seeking to exclude property from the marital estate bore the burden of rebutting the presumption of an equal distribution of marital property); *Wilson v. Wilson,* 732 N.E.2d 841, 847 (Ind.Ct.App.2000) (declaring that if Husband wanted to have the extent of his premarital employment contribution to his pension considered as rebutting the presumption of an equal division of marital property, he should have introduced some evidence during the hearing of the pension's value.)

It was Husband in this case who sought to exclude the FELA award as marital property. Although that portion of the FELA award based upon lost future earnings and earning capacity, similar to workers' compensation benefits, is "not a vested property interest subject to distribution as a present marital asset....", *Leisure,* 605 N.E.2d at 759, here, Husband failed to carry his burden of proof demonstrating that a portion of the award should not have been included in the marital estate. Therefore we cannot say that the trial court erred by including the entire award in the marital pot and distributing it accordingly.

## Conclusion

We affirm the judgment of the trial court.

SHEPARD, C.J., and SULLIVAN and BOEHM, JJ., concur.

DICKSON, J., concurs in part and dissents in part with separate opinion.

DICKSON, J. concurring and dissenting.

I concur with the majority's conclusion that any part of an FELA settlement representing future losses is not marital property, and that any portion intended as compensation for losses incurred during the marriage is included in the marital estate. I disagree, however, with the majority's decision to create a presumption that all assets of either or both parties in a dissolution case are marital property subject to division.

The applicable statute specifies with particularity those assets that are included in the marital estate subject to division. It provides:

In an action for dissolution of marriage under IC 31–15–2–2, the court shall divide the property of the parties, whether:

(1) owned by either spouse before the marriage;

(2) acquired by either spouse in his or her own right:

(A) after the marriage; and

(B) before final separation of the parties; or

(3) acquired by their joint efforts.

Indiana Code § 31–15–7–4(a). This marital estate statute does not establish any presumption that property individually acquired after final separation is subject to distribution. To the contrary, it excludes from distribution all property acquired by either spouse in his or her own right after final separation.

The majority infers a presumption that all assets are subject to division from the

language of Indiana Code § 31–15–7–5, which begins "The court shall presume that an equal division of the marital property between the parties is just and reasonable." This presumption, however, favors only equal division "of the marital property" *eligible for distribution* under Indiana Code § 31–15–7–4(a). But it does not establish a presumption of equal division of property not subject to such distribution. Thus, as to property acquired by either party in their own right *after* final separation, there is absolutely no presumption of equal division. Such property is simply not part of the marital estate and is not subject to division at all.

The majority correctly observes that "a party seeking to rebut the presumption of equal division of *marital* property bears the burden of proof." [Opin. at 163] (emphasis added). But this presumption applies only to *marital* property, not to property *outside* the marital estate-property acquired in a party's own right after final separation. I.C. 31–15–7–4(a).

By creating a presumption that all property owned by either or both spouses is within the marital estate notwithstanding the marital estate statute, the majority also creates risks of uncertainty as to various other types of property outside the marital estate. If the presumption applies here to the FELA award, will it also apply to a personal injury settlement intended to provide compensation for future losses and/or suffering; to an unvested interest in an employee pension plan; or to various other property interests received after final separation and before the final dissolution decree such as an inheritance, an investment that realizes substantial appreciation, or lottery winnings?

Today's creation of the artificial presumption as a tool of appellate review is unnecessary. Our review of a trial court's determination as to the extent of the marital estate is properly guided by Indiana Trial Rule 52(A), not by evaluating whether one spouse or another adequately overcame a presumption. The Rule states that "the court on appeal shall not set aside the findings or judgment unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." *Id.*

Among the trial court's extensive findings of fact regarding the husband's FELA settlement, the court noted that the husband was seeking a $750,000 settlement based upon lost future earnings and earning capacity, loss of hospitalization and medical benefits, pain and suffering, and disability. Finding of Fact ¶ 6 in order of September 10, 2002. It further found that the $250,000 settlement ultimately reached included an agreement not to return to work/resignation, and a release of claims "for hearing loss (known or unknown), any and all occupational claims, claims under the ADA and all other claims." *Id.* at ¶ 8. The court did not, however, make any findings identifying which portion of the settlement represented losses incurred during the marriage and which was for future losses.

The trial court concluded that "due to the fact that the eventual $250,000.00 settlement that was reached includes more tha[n] future lost wages, the settlement is in fact a marital asset," and thus subject to division. Conclusions of Law ¶ 4 in order of September 10, 2002. This conclusion was based on the trial court's belief that "if a personal injury settlement includes pain and suffering and is not limited to future lost wages, the settlement is a marital asset. *Smith v. Smith* [676 N.E.2d 388 (Ind.Ct.App.1997)]." *Id.* at ¶ 2. But this Court today expressly disapproves *Smith* and holds instead that any part of the settlement "representing future losses is not marital property subject to distribu-

tion" and that "only that portion of the award intended as compensation for past losses, that is, losses incurred during the marriage, is included in the marital estate." [Opin. at 162.] Because the trial court's conclusions are thus clearly erroneous as a matter of law, its judgment should be vacated and this cause remanded for a redistribution of marital property.

Instead of remanding for further consideration, however, the majority creates an evidentiary presumption and finds that the husband failed to sustain his burden of proof to rebut this new presumption—one that did not exist at the time the parties presented their evidence and the trial court evaluated it. At the least, the parties and the trial court should be given an opportunity to apply this new presumption to the facts of this case. I believe that remand is appropriate.