# FOR PUBLICATION



**FILED**

Jan 31 2013, 9:02 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**KAREN A. WYLE**
Bloomington, Indiana

ATTORNEY FOR APPELLEE:

**BENJAMIN L. NIEHOFF**
Andrews, Harrell, Mann, Carmin & Parker, P.C.
Bloomington, Indiana

## IN THE
## COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| IN RE THE MARRIAGE OF PAUL D. EDWARDS and ZOBEIDA E. BONILLA-VEGA, | ) | |
| | ) | |
| PAUL D. EDWARDS, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 53A05-1203-DR-163 |
| | ) | |
| ZOBEIDA E. BONILLA-VEGA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

---

**APPEAL FROM THE MONROE CIRCUIT COURT**
The Honorable Elizabeth Cure, Judge
Cause No. 53C04-1006-DR-393

---

**January 31, 2013**

**OPINION - FOR PUBLICATION**

**MAY, Judge**

Paul Edwards (Husband) appeals the distribution of marital assets as part of the dissolution of his marriage to Zobeida E. Bonilla-Vega (Wife). He presents three issues for our review, one of which we find dispositive: Whether the settlement proceeds from Husband's action against his former employer, which commenced prior to the dissolution proceedings and was finalized before the dissolution was final, were properly included and valued as a marital asset. We affirm.

## FACTS AND PROCEDURAL HISTORY

Husband and Wife married in 1999. Two children were born of the marriage. In 2006, Husband sued a former employer alleging damages to his career from the non-renewal of his contract. Husband filed a petition for legal separation on July 1, 2010, and Wife filed a petition for dissolution of marriage on July 26. Husband's lawsuit against his former employer was pending when Wife filed for dissolution, but it was settled in October 2010.

Then, on November 14, 2011, the trial court entered the decree dissolving the marriage of Husband and Wife. The court included in the marital pot, and divided between the parties, the settlement proceeds of Husband's claim against his former employer. Believing the settlement proceeds should not be included in the marital pot, Husband filed a motion to correct error, which the trial court denied.

## DISCUSSION AND DECISION

A trial court has broad discretion in ruling on a motion to correct error. *Volunteers of Am. v. Premier Auto Acceptance Corp.*, 755 N.E.2d 656, 658 (Ind. Ct. App. 2001). We will reverse only for an abuse of that discretion. *Id.* An abuse of discretion occurs if the decision

2

was against the logic and effect of the facts and circumstances before the court or if the court misapplied the law. *Id.*

Indiana subscribes to the "one-pot" theory of marital possessions, *Fobar v. Vonderahe*, 771 N.E.2d 57, 58 (Ind. 2002), and thus the marital estate is presumed to include all property owned by either spouse prior to marriage, acquired by either spouse in his or her own right after the marriage and prior to final separation of the parties, or acquired by their joint efforts. Ind. Code § 31-15-7-4(a). Because of those presumptions, the marital pot generally closes on the date a dissolution petition is filed. *Alexander v. Alexander*, 927 N.E.2d 926, 940 (Ind. Ct. App. 2010), *trans. denied*.

Husband and Wife agree that Husband's action against his former employer was a *chose in action*, in that it was a claim for damages stemming from an alleged tort. *See* Black's Law Dictionary 234 (7th ed. 1999) (Defining *chose in action* as "1. A proprietary right *in personam*, such as a debt owed by another person, a share in a joint-stock company, or a claim for damages in tort. 2. The right to bring an action to recover a debt, money, or thing.").

They disagree, however, about the implications of that characterization. Husband claims the settlement proceeds from the *chose in action* is not subject to distribution in the marital estate because the exact amount of damages, if any, were not known at the time Wife filed for dissolution. Wife asserts the settlement proceeds should be included in the distribution of assets because the *chose in action* was a property right that existed before she filed for dissolution.

3

Husband cites case law indicating a *chose in action* is not divisible as marital property. However, all of those decisions are distinguishable factually from the instant matter because in none of those cases had the value of the *chose in action* been established prior to the final hearing. *See McNevin v. McNevin*, 447 N.E.2d 611, 616 (Ind. Ct. App. 1983) (*chose in action* not subject to division as marital asset when wife had not filed lawsuit at time of final separation); *Neffle v. Neffle*, 483 N.E.2d 767, 771-72 (Ind. Ct. App. 1985) (*chose in action* not included as marital asset because the "contingent and speculative nature and value of a *chose in action* is what makes it incapable of division," and wife's action had not been filed at the time the trial court entered its final order of dissolution), *reh'g denied*; *Murphy v. Murphy*, 510 N.E.2d 235, 238 (Ind. Ct. App. 1987) (settlement money not marital asset because *chose in action* was filed prior to final separation but not settled until after final decree); *Mullins v. Matlock*, 638 N.E.2d 854, 856 (Ind. Ct. App. 1994) (settlement money not marital asset because *chose in action* was filed prior to final separation but not settled until after final decree), *trans. denied*.

The fact remains a *chose in action* is a property right that comes into existence when the tort occurs. *See Kuhn v. Kuhn*, 273 Ind. 67, 70, 402 N.E.2d 989, 991 (1980) (*chose in action* comes into existence when right to sue occurs, and is subject to applicable statute of limitations). Pursuant to statute, a property right acquired during the marriage is subject to division as part of the dissolution. Ind. Code § 31-15-7-4(a). Here, there is no dispute that Husband's *chose in action* against his employer came into existence in 2006, which was during the marriage. Thus, Husband's *chose in action* was marital property that the court did

4

not have discretion to exclude from the marital estate.

The only question is whether the value of that marital property was speculative or could be known. *See Neffle*, 483 N.E.2d at 771-72 ("contingent and speculative nature and value of a *chose in action* is what makes it incapable of division"). A trial court has discretion to value a marital asset at any time during the proceedings. *See Quillen v. Quillen*, 671 N.E.2d 98, 102 (Ind. 1996) ("[T]he trial court has discretion when valuing the marital assets to set any date between the date of filing the dissolution petition and the date of the hearing."). Herein, Husband settled his in *chose in action* with his former employer in November 2010, which was between the filing of the dissolution petition and the date of the final hearing on August 22 – 24, 2011. Therefore, the decision whether to include the property settlement monies in the marital estate was entrusted to the sound discretion of the trial court, and we cannot say the trial court abused its discretion when it included Husband's tort claim settlement monies in the marital pot and divided them accordingly.[1] *See, e.g., Adams v. Adams*, 535 N.E.2d 124, 126(Ind. 1989) (unvested pension is too speculative to

---

[1] We note the trial court did not consider which parts of Husband's settlement were for lost wages, future wages, or other damages from the tort. In *Beckley v. Beckley*, 822 N.E.2d 158 (Ind. 2005), our Indiana Supreme Court held the portion of Husband's settlement under the Federal Employers' Liability Act representing future wages was not subject to distribution as part of the dissolution proceedings. *Id*. at 162. The Court held, however, that the trial court did not abuse its discretion when it included Husband's entire settlement as part of the marital pot because Husband did not present evidence to rebut the presumption that "all the assets of either party or both parties" are property subject to division pursuant to Ind. Code § 31-9-2-98(b).

The same is true in the instant case. Husband's settlement is vague regarding the nature of any compensatory damages paid to Husband. Husband ignored Wife's discovery request to produce a copy of the original complaint, *see* Appellee's App. at 44-45, which may have been useful in determining which portion of the settlement might be excluded. Therefore, as in *Beckley*, we decline to hold the trial court abused its discretion when it included all of the settlement, minus $5,000 for Husband's moving expenses, as part of the marital pot.

include in marital assets, but if pension vests during dissolution proceedings, such that its value is established, then it is to be included in division of assets).

## CONCLUSION

Because a chose in action is a property right, the trial court did not abuse its discretion when it included it in the marital pot. Therefore, we affirm.

Affirmed.

ROBB, C.J., and PYLE, J., concur.