**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Aug 25 2014, 9:50 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**CURT J. ANGERMEIER**
Angermeier Law Office
Evansville, Indiana

ATTORNEY FOR APPELLEE:

**J. DAVID ROELLGEN**
Kolb Roellgen & Kirchoff LLP
Vincennes, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| AMANDA KAY (ALBIN) BRASSEUR, ) | |
| ) | |
| Appellant-Respondent, ) | |
| ) | |
| vs. ) | No. 42A05-1402-DR-84 |
| ) | |
| GREGORY JOSEPH BRASSEUR, ) | |
| ) | |
| Appellee-Petitioner. ) | |

APPEAL FROM THE KNOX SUPERIOR COURT
The Honorable Jim R. Osborne, Judge
Cause No. 42D02-1305-DR-125

**August 25, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

The marriage of Amanda Kay Brasseur ("Wife") and Gregory Joseph Brasseur ("Husband") was dissolved. The trial court ordered that certain personal property be distributed to Husband, and that the proceeds of the marital residence be distributed equally between the parties. Wife now appeals.

We affirm in part, reverse in part, and remand for further proceedings.

**Issues**

Wife raises two issues, which we restate as:

    I.    Whether the trial court abused its discretion when it determined the value of the marital estate; and

    II.    Whether the trial court abused its discretion when it appointed Husband's counsel as commissioner to oversee sale of the marital home.

**Facts and Procedural History**

Husband and Wife married in 2010. Prior to the marriage, Husband had acquired a one-third interest in real estate held in trust. The subject property was Husband's father's residence, which was left to Husband and his two sisters upon Husband's father's death.

Husband and Wife, together with Wife's child from a prior relationship, occupied the residence as their marital home. In 2010, Husband withdrew $50,000 from his retirement funds to buy out his sisters' interests in the home; Husband incurred tax penalties as a result. In addition, property taxes were outstanding on the residence, and in 2011 the residence was subject to tax liens and an imminent tax sale. There were no other encumbrances on the residence.

2

Husband attempted to obtain a mortgage loan to satisfy the tax obligations, but was refused a loan; given the instability of the marriage at that time, Wife declined to co-sign a mortgage loan with Husband. In recognition of this, and in a desire to salvage the marriage, in September 2011 Husband executed a deed transferring ownership of the residence to Wife. Wife obtained a mortgage loan and, among other things, paid the property tax debts and the tax penalties incurred as a result of the $50,000 withdrawal from Husband's retirement funds.

In late September 2011, Husband and Wife separated.

On May 24, 2013, Husband filed a petition to dissolve the marriage. On August 5, 2013, Husband and Wife agreed to dissolution of the marriage, with a hearing to be held subsequently to resolve outstanding disputes concerning division of marital property. On August 9, 2013, the marriage was dissolved pending subsequent distribution of assets.

On November 4, 2013, the trial court conducted a final hearing, during which testimony was heard and evidence was submitted concerning the value of marital assets and liabilities.

On January 29, 2014, the trial court entered its order for distribution of the marital property. It awarded each party a fifty-percent interest in the residence, permitted Husband to remove certain personal property from the home, assigned responsibility for joint debts of the marriage to the parties jointly, and assigned individual responsibility for debts to the individual named under each obligation.

This appeal ensued.

**Discussion and Decision**

Distribution of Marital Assets

Wife challenges the trial court's order distributing the marital property, specifically challenging the trial court's deviation from the presumption of equal division of assets. Marital property includes both assets and liabilities. McCord v. McCord, 852 N.E.2d 35, 45 (Ind. Ct. App. 2006), trans. denied. "Indiana subscribes to the 'one-pot' theory of marital possessions." In re Marriage of Edwards and Bonilla-Vega, 983 N.E.2d 619, 621 (Ind. Ct. App. 2013) (citing Fobar v. Vonderahe, 771 N.E.2d 57, 58 (Ind. 2002). The marital estate is presumed to include all property owned by either spouse prior to the marriage, all property acquired by either spouse during the marriage and prior to final separation of the parties, and all property acquired as a result of the parties' joint efforts. Ind. Code § 31-15-7-4(a). The marital pot generally closes on the date the dissolution petition is filed, and thus debts incurred by one party after the dissolution petition has been filed are not included in the marital pot. Alexander v. Alexander, 927 N.E.2d 926, 940 (Ind. Ct. App. 2010), trans. denied.

Our statutes presume that "equal division of the marital property between the parties is just and reasonable." I.C. § 31-15-7-5. The presumption is rebuttable, however, if a party presents evidence that an equal division "would not be just and reasonable." Id. The statute sets forth several factors, based upon which the trial court may deviate from the statutory presumption:

> (1) The contribution of each spouse to the acquisition of the property, regardless of whether the contribution was income producing.

4

(2) The extent to which the property was acquired by each spouse:

(A) before the marriage; or

(B) through inheritance or gift.

(3) The economic circumstances of each spouse at the time the disposition of the property is to become effective, including the desirability of awarding the family residence or the right to dwell in the family residence for such periods as the court considers just to the spouse having custody of any children.

(4) The conduct of the parties during the marriage as related to the disposition or dissipation of their property.

(5) The earnings or earning ability of the parties as related to:

(A) a final division of property; and

(B) a final determination of the property rights of the parties.

Id. If the trial court deviates from the presumption of an equal division of marital property, "it must state why it did so." Troyer v. Troyer, 987 N.E.2d 1130, 1139 (Ind. Ct. App. 2013) (citations and quotation marks omitted), trans. denied.

The division of marital assets is within the discretion of the trial court. Alexander, 927 N.E.2d at 933. We will reverse only when the court abuses its discretion. Id. An appealing party must overcome the presumption that the court complied with applicable law, which is "one of the strongest presumptions applicable to our consideration on appeal." Id. We do not reweigh evidence or reassess the credibility of witnesses, and consider only the evidence most favorable to the trial court's disposition of the marital property. Id.

Here, Wife contends that the trial court deviated from the statutory presumption of equal division of marital property without providing sufficient findings to establish the basis for the deviation. Wife notes that the trial court's order essentially regards Husband's

5

apparently gratuitous transfer of the marital residence as a pretense and provides for an equal distribution of the value of the marital residence, but that the order "ignores the debt associated with the home as well as the debt of the wife incurred during the course of the marriage." (Appellant's Br. at 3.) Wife notes that the trial court did not catalog each party's debt in detail and inaccurately stated the value of the mortgage loan Wife assumed in order to pay tax debts associated with the home. Observing that the trial court assigned to her the obligation to pay the mortgage and medical bills, she insists that Husband would receive $37,500 in equity—an amount in excess of the net value of the marital estate. She then concludes, "[a]lthough the marriage lasted only a few years that alone is no reason to basically award the wife a loss and the husband a gain," and argues that the trial court's order was thus an abuse of discretion. (Appellant's Br. at 5.)

We agree with Wife that the trial court erred when it determined the value of the mortgage loan. The trial court determined the loan to have totaled $7,500. Our review of the record reveals that the principal value of the loan was $30,000. (Ex. 1.) The $7,500 value appears to correspond to a payment made from the loan proceeds to Fifth Third Bank to satisfy a non-marital debt: the value of that disbursement was $7,451.73, and during her testimony Wife referred to that amount as having a value of $7,500. (Ex. 1; Tr. at 20.)

As Wife notes, this is not an insubstantial error in light of the total documented principal value of the mortgage loan and the purposes to which its funds were put. We recognize the trial court's efforts at reaching an equitable resolution, and that Husband's individual debts (including at least $36,000 in student loans and $800 in medical bills) are

6

greater than Wife's brief acknowledges. But given the absence of other documentation or findings of the parties' joint and separate liabilities, we cannot conclude that a full accounting of the total value of the marital property was made. We accordingly conclude that the trial court abused its discretion, reverse the trial court's determination distributing the marital property, and remand for further proceedings.

Appointment of Commissioner

Wife's second designated issue on appeal contends that the trial court abused its discretion when it appointed Husband's counsel as commissioner to oversee the sale of the marital residence in the event neither party was willing or able to pay the equalization payment. Wife acknowledges there is no authority to support her position; she argues simply that the function of a commissioner is to perform ministerial duties but that opposing counsel, however honest, should not be appointed to engage in those duties.

In light of our reversal of the trial court's distribution of marital property, upon remand the trial court's decision may obviate the need for a commissioner. Nevertheless, absent citation to authority as required by our appellate rules, and absent any evidence or argument establishing prejudice to her substantial rights, we cannot conclude the trial court abused its discretion in appointing Husband's counsel for performing what Wife acknowledges is a non-discretionary, ministerial act. See Ind. Appellate Rule 46(A)(8) (requiring cogent argumentation and citation to relevant authorities); Ind. Trial Rule 61 (establishing no basis for reversal of the trial court where any error is harmless).

**Conclusion**

The trial court abused its discretion in assessing the value of the mortgage encumbering the marital residence. The court did not abuse its discretion in appointing Husband's counsel as commissioner.

Affirmed in part, reversed in part, and remanded.

NAJAM, J., and PYLE, J., concur.