PYLE, Judge,
dissenting.
I respectfully dissent from my colleague’s reversal of the trial court’s deci *1293 sion to equally divide the marital estate. As the majority ably notes, a party seeking to rebut the presumption of an equal division of marital property bears the burden of proof in doing so. Beckley v. Beckley, 822 N.E.2d 158, 163 (Ind.2005); see also I.C. § 31-15-7-5. “‘A party who challenges the trial court’s division of marital property must overcome a strong presumption that the court considered and complied with the applicable statute.’” Love v. Love, 10 N.E.3d 1005, 1012-13 (quoting Wanner v. Hutchcroft, 888 N.E.2d 260, 263 (Ind.Ct.App.2008)). Indeed, “‘[t]he presumption that a dissolution court correctly followed the law and made all the proper considerations in crafting its property distribution is one of the strongest presumptions applicable to our consideration on appeal.’” Hyde v. Hyde, 751 N.E.2d 761, 765 (Ind.Ct.App.2001) (quoting Wilson v. Wilson, 732 N.E.2d 841, 844 (Ind.Ct.App.2000), trans. denied). Whether a trial court’s division of the marital property was just and reasonable is “in some sense an issue of law” but “it is highly fact sensitive and is subject to an abuse of discretion standard.” Fobar v. Vonderahe, 771 N.E.2d 57, 59 (Ind.2002). Thus, we will reverse a property distribution only if there is no rational basis for the award. Love, 10 N.E.3d at 1013.
In this ease, reasonable minds might disagree as to whether it would be more just to award Wife a 60/40 split in the marital estate. However, I do not believe that is the question for our court to answer. The question is whether there is a rational basis for the trial court’s award. In answering that question, I do not find any basis for concluding that there was no rational basis for the trial court’s equal division of property. The trial court held a hearing, listened to the evidence, made credibility determinations, and entered specific findings that provided a rational basis for its judgment. As a result, I would affirm the trial court’s award.
Order
Appellant, by counsel, filed an Appellant’s Verified Motion to Publish. Ap-pellee, by counsel, filed a Motion for Publication.
Having reviewed the matter, the Court finds and orders as follows:
1. The Appellant’s Verified Motion to Publish is granted.
2. The Appellee’s Motion for Publication is granted.
3. This Court’s opinion heretofore handed down in this cause on February 4, 2016, marked Memorandum Decision, is now ordered published.
4. The Clerk of this Court is directed to send copies of said opinion together with copies of this order to the West Publishing Company and to all other services to which published opinions are normally sent.
Ordered.
VAIDIK, C.J., ROBB, PYLE, JJ., concur.