Terry SEVERS, Appellant–Petitioner,

v.

Marjorie SEVERS, Appellee–Respondent.

No. 82A01–0312–CV–469.

Court of Appeals of Indiana.

Aug. 23, 2004.

Malcolm S. Gwinn, Toby D. Shaw, II, Evansville, IN, Attorneys for Appellant.

Michael C. Keating, Evansville, IN, Attorney for Appellee.

## OPINION

GARRARD, Senior Judge.

This appeal is from the division of property in a marriage dissolution case. The parties were married in 1977, and a decree of dissolution was entered August 26, 2003. The court subsequently entered its order disposing of remaining issues concerning property division, and the husband's ensuing motion to correct errors was granted in part.

In 2002 husband had a heart attack. As a result he was receiving social security disability benefits. He also received VA disability benefits as a result of his exposure to Agent Orange in the Vietnam War. In its final order the court determined that husband's veteran's benefits were not marital assets "because the [husband] never made a financial payment or contribution from marital assets." The court found, however, that husband's social security disability payments were marital property and ordered that the wife be granted forty percent of all future social security disability payments due the husband. The determination that the social security disability payments were marital property is the sole issue presented in this appeal.

We agree that they were not, and we therefore reverse and remand.

Neither party has addressed the potential application of Section 407(a) of the Social Security Act, 42 USCA § 407(a), to the facts at bar.[1]

Because we are loath to decide cases on grounds not raised by the parties, and an adequate basis exists to decide the issue correctly under our prior decisions, we do not rely on § 407 to reach our result.

While we find no prior Indiana cases considering social security disability payments, several decisions occur in the general area of disability payments which may constitute marital property. We briefly review them sequentially.

*Gnerlich v. Gnerlich*, 538 N.E.2d 285 (Ind.Ct.App.1989) decided that disability payments received by a husband were marital property. The husband was entitled to the benefits because he had elected to make monthly payments to an insurance company under a plan offered by his employer.

*Leisure v. Leisure*, 605 N.E.2d 755 (Ind. 1993) decided that worker's compensation disability benefits were not marital property because they were to replace future earnings. The court distinguished *Gnerlich* on the basis that the husband's monthly premium payments used marital assets thereby depriving the family of the present use of those funds. 605 N.E.2d at 758. It found that the husband did not pay a monthly amount to provide for worker's

1. "The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment or other legal process, or to the operation of any bankruptcy or insolvency law."

Section 659 of the Act, 42 USCA § 659, provides an exception to the operation of

§ 407 to enforce the legal obligation of the recipient to provide child support or alimony. However, § 659(i)(3)(B)(ii) provides that "alimony" does not include "... any payment or transfer of property or its value by an individual in compliance with any community property settlement, equitable distribution of property, or other division of property between spouses or former spouses."

compensation insurance against lost earnings.

In *Jendreas v. Jendreas*, 664 N.E.2d 367 (Ind.Ct.App.1996) *trans. denied*, the husband was receiving both social security disability and disability under a union pension, which were found not to be marital property. No challenge was raised concerning the social security payments, but the wife contended the union benefits should have been considered marital property. The court applied *Leisure* and held the benefits were not marital property because they represented future income and "(t)he record does not indicate that [husband] made any contributions to the pension while employed nor does it show that [husband] took any action to deplete marital assets in order to accumulate this pension." *Id.* at 371.

Similarly, in *Antonacopulos v. Antonacopulos*, 753 N.E.2d 759 (Ind.Ct.App.2001) the court found error in treating an employer provided disability pension as marital property since it was intended to compensate for loss of future earnings and the plan required no contributions from the participants.

The husband's social security disability payments are clearly to replace future earnings, and the wife acknowledges this in her brief.

The remaining issue is whether the husband paid a premium, similar to that in *Gnerlich,* with marital assets thereby depriving the family of the present use of those funds. The answer dictated by the Social Security Act is that he did not because the payments he made through payroll taxes are simply a tax. As the Supreme Court explained in *Flemming v.*

*Nestor,* 363 U.S. 603, 609–610, 80 S.Ct. 1367, 1372, 4 L.Ed.2d 1435:

The program is financed through a payroll tax levied on employees in covered employment, and on their employers. * * * * The Social Security System may be accurately described as a form of social insurance ... whereby persons gainfully employed, and those who employ them, are taxed to permit the payment of benefits to the retired and disabled, and their dependents.... But each worker's benefits, though flowing from the contributions he made to the national economy while actively employed, are not dependent on the degree to which he was called upon to support the system by taxation. *It is apparent that the noncontractual interest of an employee covered by the Act cannot be soundly analogized to that of the holder of an annuity, whose right to benefits is bottomed on his contractual premium payments.*

(Our emphasis).

Accordingly, 42 USCA § 1304 reserves to Congress the right to alter, amend or repeal the act (and the benefits) at any time. Moreover, since the parties were married for more than ten years, the wife may draw her own benefits based upon the husband's employment when she is otherwise qualified. See, 42 USCA § 402(b).

From all this we conclude that during the marriage the husband's social security taxes were simply taxes imposed on all covered employees by the federal government. They did not, in any proper sense, constitute a voluntary contribution by him of money to secure a benefit, that thereby depleted the marital pot.[2]

---

**2.** To the extent that language in Lawson v. Hayden, 786 N.E.2d 756 (Ind.Ct.App.2003) (considering the Railroad Retirement Act) would support a different conclusion, we disapprove it.

It follows that the social security disability benefits received by the husband were not marital property and the court erred in awarding a portion of them to the wife.

We, therefore, reverse and remand with instructions to the trial court to determine the marital estate and the division thereof with the exclusion of husband's disability pensions.

SHARPNACK, J., and CRONE, J., concur.