ATTORNEYS FOR APPELLANT
Malcolm S. Gwinn
Toby D. Shaw II
Evansville, Indiana

ATTORNEY FOR APPELLEE
Michael C. Keating
Evansville, Indiana

# In the
# Indiana Supreme Court

No.  82S01-0511-CV-597

TERRY SEVERS,

Appellant (Petitioner below),

v.

MARJORIE SEVERS,

Appellee (Respondent below).

Appeal from the Vanderburgh Superior Court, No. 82D04-0301-DR-0060
The Honorable William H. Stephens, Senior Judge

On Petition To Transfer from the Indiana Court of Appeals, No. 82A01-0312-CV-469

**November 22, 2005**

**Boehm, Justice.**

We hold that future disability income is a divisible marital asset in a dissolution only if the benefits are contractual rights of the beneficiary and were voluntarily purchased with marital assets.  Payroll taxes do not constitute voluntary payments for this purpose.  We also hold that the antiassignment provision of the Social Security Act prevents state courts from assigning social security benefits in a dissolution decree.

**Facts and Procedural History**

Terry and Marjorie Severs were married in 1977, and a decree of dissolution was entered in August 2003. In 2002 Terry suffered a heart attack and became eligible for social security disability benefits. He also received VA disability benefits as a result of his exposure to Agent Orange in the Vietnam War.

In its final order the trial court determined that Terry's VA disability benefits were not marital assets, but that his social security disability payments were marital property. Marjorie was awarded forty percent of Terry's future social security disability payments. The Court of Appeals reversed. Severs v. Severs, 813 N.E.2d 812, 813 (Ind. Ct. App. 2004). We now grant transfer to address the inconsistency between the decision of the Court of Appeals and an earlier Court of Appeals decision. For the reasons stated below, we agree with the Court of Appeals in this case.

**Marital Property**

In an action for dissolution of marriage the trial court is required to divide the marital property in a "just and reasonable manner." Indiana Code § 31-15-7-4(b) (2004). The presumption of our dissolution statute is that all the assets acquired before final separation by either party are property subject to equal division. I.C. § 31-15-7-5. We noted in Beckley v. Beckley, 822 N.E.2d 158, 162-63 (Ind. 2005), that "[t]he party who seeks to rebut the presumption . . . bears the burden of demonstrating that the statutory presumption should not apply." See also I.C. § 31-15-7-5.

The issue here is whether social security disability benefits are "marital property" subject to division. Our dissolution of marriage, child dependent support, and custody and visitation rights statutes define "property" as:

> [A]ll the assets of either party or both parties, including:
> (1)     a present right to withdraw pension or retirement benefits;
> (2)     the right to receive pension or retirement benefits that are not forfeited upon termination of employment or that are vested (as defined in Section 411 of the Internal Revenue Code) but that are payable after the dissolution of marriage; and

(3) the right to receive dispositive retired or retainer pay (as defined in 10 U.S.C. 1408(a)) acquired during the marriage that is or may be payable after the dissolution of marriage.

I.C. § 31-9-2-98(b).

Indiana appellate courts have considered whether various forms of disability payments were marital property, but no case has specifically addressed social security disability benefits. In Leisure v. Leisure, 605 N.E.2d 755, 761 (Ind. 1993), this Court held that worker's compensation benefits were not marital property for two reasons. First, the recipient did not pay anything or otherwise deplete marital assets to obtain this statutory benefit against lost earnings. Second, it is well established in Indiana that "future earnings are not considered part of the marital estate for purposes of property division." See Beckley, 822 N.E.2d at 160; accord Leisure, 605 N.E.2d at 758-59. Worker's compensation is intended to replace future wages that the recipient would earn if he could work. Moreover, worker's compensation benefits are designed to replace decreased working capacity during a period of disability. In this respect worker's compensation differs from a pension which amounts to deferred compensation for current employment. Leisure, 605 N.E.2d at 759. Leisure distinguished the Court of Appeals' earlier holding in Gnerlich v. Gnerlich, 538 N.E.2d 285 (Ind. Ct. App. 1989), trans. denied, on the ground that disability insurance under an employer-sponsored policy was purchased with the employee's marital assets. Id. at 758.

Subsequent cases followed Leisure, finding a disability income benefit to be marital property when it was purchased with marital assets. See Antonacopulos v. Antonacopulos, 753 N.E.2d 759, 761 (Ind. Ct. App. 2001) (employer provided disability pension was intended to compensate for loss of future earnings and plan required no employee contribution); Jendreas v. Jendreas, 664 N.E.2d 367, 371 (Ind. Ct. App. 1996), trans. denied, (union pension disability benefits represented future income and the record did not demonstrate voluntary contributions to it). Thus, under these authorities, a future income stream may be a marital asset to the extent that either marital assets were used to acquire the future income or the income is future compensation for past services, as opposed to replacement for lost earning capacity due to disability. But if both factors are absent, a disability income stream is not a marital asset. We agree with this conceptual framework.

3

Social security benefits are paid from a "trust fund" which is funded by a payroll tax. Under the foregoing analysis, the issue becomes whether paying payroll taxes amounts to use of marital assets to purchase a disability income benefit. Whether payroll taxes constitute a depletion of marital assets was addressed by a different panel of the Court of Appeals in Lawson v. Hayden, 786 N.E.2d 756 (Ind. Ct. App. 2003). In that case the husband was employed by a railroad covered by the Railroad Retirement Act. He became permanently disabled and began receiving a Railroad Retirement annuity during the marriage. A Railroad Retirement annuity consists of a Tier I component equal to the amount that the Social Security Act would provide (based on railroad and all other employment) if the employee's railroad employment had been covered by Social Security, an additional Tier II component (based on railroad service alone), and a supplemental annuity (for some railroaders with 25 years service). 45 U.S.C. §231b (2000). Payroll taxes supporting the annuity were paid by the employee and the railroad. Lawson, 786 N.E.2d at 758. Lawson concluded that the Railroad Retirement Act precluded including the Tier I component in divisible marital property. As for the Tier II supplement, Lawson reasoned that the husband's annuity before retirement represented payment for loss of future income, which favors exclusion as a marital asset, but the payroll taxes were used during the marriage to fund the annuity, and thus required inclusion of the Tier II portion as a marital asset. Id. at 762-63.

In this case, the Court of Appeals agreed with Lawson that social security disability payments replaced future earnings, but disagreed that payroll taxes constituted use of marital assets to fund the benefit. Severs, 813 N.E.2d at 814. The Court of Appeals correctly looked to federal authority to determine the nature of Social Security benefits and their relation to payroll taxes, citing Flemming v. Nestor, 363 U.S. 603 (1960), for the proposition that "[t]he [Social Security] program is financed through a payroll tax levied on employees in covered employment, and on their employers." Id. at 609. In Flemming, the Supreme Court of the United States pointed out that "the noncontractual interest of an employee covered by the [Social Security] Act cannot be soundly analogized to that of the holder of an annuity, whose right to benefits is bottomed on his contractual premium payments." Id. at 610. Based on Flemming's explanation of the nature of the social security program, the Court of Appeals concluded that Terry's payroll taxes were not an expenditure of marital assets. Rather, they were "simply taxes imposed on all covered employees by the federal government." Severs, 813 N.E.2d at 814. Noting that Lawson suggested

4

a different result, <u>Severs</u> explicitly "disapproved" it. <u>Id.</u> at 814 n.2. We agree with the Court of Appeals that social security disability benefits are not marital assets under the Indiana disability statute. Payment of taxes to participate in a social security program does not create vested or contractual rights, and participation is wholly involuntary. As a result, the benefits under such a program are not "assets" within any of the definitions of Indiana Code section 31-9-2-98(b).

As the Court of Appeals pointed out, the foregoing conclusion is sufficient to resolve this case as a matter of Indiana state law without reference to the Social Security Act. <u>Severs</u>, 813 N.E.2d at 813. However, we think it is worthwhile to point out that federal law dictates the same result as to social security benefits—disability or otherwise. The Social Security Act includes a provision similar to that cited by <u>Lawson</u> with respect to Tier I Railroad Retirement benefits. 42 U.S.C. § 407(a) specifies that "moneys paid or payable" pursuant to the Social Security Act are not subject to "execution, levy, attachment, garnishment or other legal process." This antiassignment provision has been consistently construed as "impos[ing] a broad bar against the use of any legal process to reach all social security benefits." <u>Philpott et al. v. Essex County Welfare Bd.</u>, 409 U.S. 413, 417 (1973). The antiassignment provision does not prevent Social Security benefits from fulfilling "alimony" obligations in a marital dissolution, but "alimony" is specifically defined as an obligation for the "periodic payments of funds" and excludes "any payment or transfer of property or its value . . . in compliance with any community property settlement, equitable distribution of property, or other division of property between spouses or former spouses." 42 U.S.C. § 659(i)(3)(A) & (B)(ii). This provision of federal law prevents state courts from assigning social security benefits in a property division judgment. <u>Hisquierdo v. Hisquierdo</u>, 439 U.S. 572 (1979) (construing the antiassignment provisions of the Railroad Retirement Act of 1974 and the Social Security Act as virtually identical and holding that a trial court's assignment of Tier I benefits pursuant to a marital dissolution is a violation of both the antiassignment provision and the purpose of the benefit generally); <u>see also</u> <u>Mansell v. Mansell</u>, 490 U.S. 581 (1989) (military disability benefits may not be divided in a divorce proceeding). A division of property under Indiana's dissolution laws falls within the category of a "property division" as the term is used in the federal statute. Thus, any assignment or division of social security benefits to satisfy a marital property settlement under Indiana law is barred by 42 U.S.C. § 407.

**Conclusion**

5

The order of the trial court is reversed insofar as it diverts assignment of Terry's Social Security disability benefits to Marjorie.

Shepard, C.J., and Dickson, Sullivan, and Rucker, JJ., concur.