**John LUTTRELL, Appellant,**

v.

**Melinda LUTTRELL, Appellee.**

**No. 49A02–1301–DR–85.**

Supreme Court of Indiana.

June 20, 2014.

*PUBLISHED ORDER DENYING PETITION TO TRANSFER*

This matter is before the Indiana Supreme Court on a petition to transfer jurisdiction filed by the Appellant pursuant to Appellate Rule 57, following the Court of Appeals opinion issued on September 12, 2013. *See Luttrell v. Luttrell,* 994 N.E.2d 298 (Ind.Ct.App.2013). The Court has reviewed the decision of the Court of Appeals. Any record on appeal that was submitted has been made available to the Court, along with all briefs filed in the Court of Appeals and all the materials filed in connection with the request to transfer jurisdiction. Also, the Court has heard oral argument on the transfer petition. Each member of the Court has had the opportunity to voice that Justice's views on the case in conference with the other Justices, and each has voted on the petition to transfer.

Being duly advised, the Court now DENIES the Appellant's petition to transfer jurisdiction. This appeal is at an end.

The Court DIRECTS the Clerk to certify the Court of Appeals opinion as final and to send copies of this order to all counsel of record. The Clerk is also directed to post this order to the Court's website, and Thomson/Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

DICKSON, C.J., and RUCKER and MASSA, JJ., concur.

DAVID, J., dissents to the denial of transfer with separate opinion, in which RUSH, J., joins.

DAVID, Justice.

I respectfully dissent from the denial of transfer. To provide guidance to trial courts, I believe we should address the issue of whether a lump-sum Social Security Disability Insurance payment is a marital asset subject to division upon divorce, or a factor to be considered.

In *Severs v. Severs,* we stated in dicta that "any assignment or division of social security benefits to satisfy a marital property settlement under Indiana law is barred by 42 U.S.C. § 407" of the Social Security Act. 837 N.E.2d 498, 501 (Ind. 2005). 42 U.S.C. § 407(a) provides that

> [t]he right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and *none of the moneys paid* or payable or rights existing *under this subchapter shall be subject to* execution, levy, attachment, garnishment, or *other legal process,* or to the operation of any bankruptcy or insolvency law.

(emphasis added). Though the SSA provides an exception to Section 407 for the withholding of money payments to enforce an individual's legal obligation to provide "child support" or "alimony," "alimony" is defined to exclude "any payment or transfer of property or its value ... or other division of property between spouses or former spouses." 42 U.S.C. § 659. Relying on our statement of Section 407's broad applicability in *Severs,* both the trial court and the Court of Appeals (in a published opinion) found that Melinda Luttrell's retroactive lump-sum SSDI payment

of \$14,430.75, received after her petition for separation was filed but largely covering a period of lost income during the marriage, was not an asset of the marriage subject to division. Appellant's App. at 28; *Luttrell v. Luttrell,* 994 N.E.2d 298, 301–03 (Ind.Ct.App.2013).

But this Court has never formally responded to the issue presented on transfer. Moreover, even if we were to determine that pursuant to 42 U.S.C. § 407(a) a lump-sum SSDI payment cannot be divided in divorce proceedings, the SSA does not control whether trial courts can *consider* the award as part of the total picture when determining how to equitably divide property upon divorce. Although it did not reach this issue, the Court of Appeals pointed to *Stanley v. Stanley,* where the Supreme Court of Delaware answered in the affirmative. 956 A.2d 1, 4 (Del.2008). *Luttrell,* 994 N.E.2d at 303, n. 4.

As it stands, the potential windfall for the spouse receiving the lump-sum SSDI payment is apparent, particularly where, under most circumstances, the lump sum represents lost income that was compensated for by a combination of the other spouse stepping up and both parties doing without during the period which gave rise to the SSDI qualification. Here, Melinda Luttrell's lump-sum SSDI payment of \$14,430.75 was not factored into the trial court's division of the Luttrell marital estate, of which the net distribution of approximately \$191,000 was split 60/40 in her favor. And in the next case where this issue arises, the lump-sum SSDI payment could be greater in amount and/or percent at stake. At minimum, one party's receipt of a lump-sum SSDI payment should be a factor for the trial court to consider when awarding attorney's fees.

Because this Court is passing up an opportunity to resolve a consequential issue likely to reoccur, I respectively dissent from the denial of transfer.

RUSH, J., joins.